## JONES v. CITY OF YPSILANTI

1. CONSTITUTIONAL LAW—CONSTRUCTION OF CONSTITUTIONS.

Constitutional provisions relating to the same subject matters are to be construed together, because the framers of a constitution are presumed to have knowledge of the judicial construction of existing constitutional provisions.

2. MUNICIPAL CORPORATIONS—STATE TRUNKLINE HIGHWAYS—SIDEWALKS.

Municipalities retain reasonable control over state trunkline highways located within their boundaries so long as that control pertains to local concerns and does not conflict with the paramount jurisdiction of the state highway commission (Const 1963, art 5, § 28; Const 1963, art 7, § 29; MCLA § 691.1401 et seq.).

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF DEFECT—QUESTION OF FACT.

The plaintiff's use of a defectively maintained sidewalk where the plaintiff had used the sidewalk many times before the accident complained of and knew of the sidewalk's defective condition was not contributory negligence as a matter of law, but created a question of fact for the jury as to plaintiff's contributory negligence.

4. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—NATURE OF DEFECT—SUFFICIENCY OF NOTICE.

Plaintiff's description of the defective condition of the sidewalk as the "defective sidewalk immediately east of Five West Michigan Avenue which is located on the south side of Michigan

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law §§ 58, 60, 66, 70.
[2, 5] 39 Am Jur 2d, Highways, Streets and Bridges §§ 202, 204.
[3] 40 Am Jur 2d, Highways, Streets and Bridges §§ 556, 557.
[4] 39 Am Jur 2d, Highways, Streets and Bridges § 411 et seq.

Avenue" substantially complied with the statutory notice provision where there were specific descriptions of the location, time, and nature of the injuries (MCLA § 691.1404).

5. Municipal Corporations—State Trunkline Highways—Sidewalks.

The sidewalks adjacent to a state trunkline highway are in the reasonable control of the city in which the sidewalks are located; jurisdiction and control by the state relative to maintenance and liability extends only to the portion of the highway used for vehicular travel (Const 1963, art 5, § 28; Const 1963, art 7, § 29; MCLA § 691.1401 *et seq.*).

Appeal from Washtenaw, John W. Conlin, J. Submitted Division 2 April 10, 1970, at Detroit. (Docket No. 7,129.) Decided September 29, 1970.

Complaint by Siller E. Jones against City of Ypsilanti for injuries from a fall on a sidewalk. Judgment for plaintiff. Defendant appeals. Affirmed.

*Stripp & Roberts* (*Thomas C. Manchester,* of counsel), for plaintiff.

*Martin, Bohall, Joselyn, Halsey & Rowe,* for defendant.

Before: J. H. Gillis, P. J., and V. J. Brennan and Weipert,\* JJ.

Weipert, J. Plaintiff, a 63-year-old widow, was injured when she tripped on a defective sidewalk adjoining Michigan Avenue, a state trunkline highway, in the City of Ypsilanti in November 1966. Plaintiff brought this action against defendant city seeking recompense for her injuries and claiming that defendant had jurisdiction over the sidewalk and a duty to maintain it.

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant city originally admitted jurisdiction over the sidewalk, denied negligence, and alleged contributory negligence by plaintiff. Defendant subsequently moved for summary judgment and also moved to allow an amendment to its amended answer to deny jurisdiction. The motion for summary judgment was denied and that to allow amendment granted.

A jury trial in Washtenaw Circuit Court resulted in a verdict for plaintiff in the amount of $5,000. Defendant moved for a judgment notwithstanding the verdict prior to entry of the judgment; the motion was denied in February 1969 and defendant appealed.

Defendant urges that the 1963 constitution places jurisdiction of state trunkline highways in the state highway department; that highways are defined so as to include sidewalks (CL 1948, § 691.1401, as added by PA 1964, No 170 [Stat Ann 1969 Rev § 3.996(101)]; that the state has the exclusive responsibility to maintain state trunkline highways and accepts all legal liability for them (CL 1948, § 250.61, as amended by PA 1959, No 185 [Stat Ann 1970 Cum Supp § 9.901]); and that, therefore, defendant city is relieved of all liability for defects in sidewalks adjacent to Michigan Avenue as it passes through the city. This interpretation oversimplifies the question that is before the Court.

Prior to 1960, the responsibility of Michigan municipalities as to public ways was set out in CL 1948, § 242.3 (Stat Ann 1958 Rev § 9.593), stating in part:

"It is hereby made the duty of townships, villages, cities, or corporations to keep in reasonable repair, so that they shall be reasonably safe and convenient

for public travel, *all public highways,* streets, bridges, *sidewalks,* cross walks, and culverts that are within their jurisdiction, and under their care and control, and which are open to public travel." (Emphasis added.)

Separate reference is made in the statute to public highways and to sidewalks.

Before 1960, counties and townships were exempted from the liability imposed by CL 1948, § 242.3, quoted *supra,* when the highway concerned is a state trunkline highway:

"On and after the first day of January, A. D., 1926, the cost of constructing, improving and maintaining trunk line highways shall be met entirely by the state, and the counties and townships shall thereafter be relieved of all expenses and legal liabilities in connection therewith." (CL 1948, § 250.61 [Stat Ann 1958 Rev § 9.901].)

In 1959, the statute exempting counties and townships from liability for state trunkline highways was amended. The 1959 amendment to the statute reads:

"On and after January 1, 1960, the cost of constructing, improving and maintaining trunk line highways shall be met entirely by the state, and the counties, townships, and incorporated cities and villages shall thereafter be relieved of all expenses and legal liabilities in connection therewith as imposed by section 21 of chapter 4 and chapter 22 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 and sections 242.1 to 242.8 of the Compiled Laws of 1948." (CL 1948, § 250.61, as amended by PA 1959, No 185 [Stat Ann 1970 Cum Supp § 9.901].)

This amendment effected two significant changes. It included incorporated cities and villages in the

exclusion regarding state trunkline highways. More significantly, it spelled out from what law these municipal bodies were being excluded. The 1959 amendment to the statute provided that the liability imposed on cities by CL 1948, § 242.3, quoted *supra,* with respect to sidewalks no longer existed when the sidewalk in question was adjacent to and included within a state trunkline highway right-of-way. If liability were imposed on the city by any other source, *the 1959* amendment would not have excluded it; the limit of the exclusion was specifically defined. As long, therefore, as the city's source of liability was CL 1948, § 242.3, the 1959 amendment explicitly excludes liability where, as here, a state trunkline highway is involved. In 1964 a new governmental tort liability statute was enacted (CL 1948, § 691.1401 *et seq.* as amended by PA 1964, No 170 [Stat Ann 1969 Rev § 3.996 (101)]). This act repealed, among others, the provisions relating to the duty of counties and townships for sidewalks (CL 1948, § 242.3). The exclusion as to cities provided by the 1959 amendment, quoted above, no longer exists; the specific source of that exclusion has been repealed. Since the effective date of PA 1964, No 170, the liability of government bodies is determined by the wording of that act alone.

Defendant cites the wording of the Michigan Constitution of 1963, art 5, § 28, which reads:

"There is hereby established a state highway commission, which shall administer the state highway department and have jurisdiction and control over all states trunkline highways and appurtenant facilities, and such other public works of the state, as provided by law."

Defendant then refers to the definition of "highway" found in PA 1964, No 170, and infers that

this definition refers to the use of the word "highway" in art 5, § 28 of the Constitution.  It should be noted, however, that the Michigan Constitution of 1963 became effective January 1, 1964 while PA 1964, No 170, which contains the definition urged by defendants, became effective July 1, 1965.  Further, PA 1964, No 170, begins, "As used in this act".

We agree with plaintiff's contention that as to sidewalks, jurisdiction in the state does not necessarily eliminate jurisdiction in the city.  Art. 7, § 29, of the 1963 Constitution reads in part:

"Except as otherwise provided in this constitution the right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys and public places is hereby reserved to such local units of government."

The context of § 29 of art 7 is changed from its predecessor in the 1908 Constitution in that the phrase, "Except as otherwise provided in this constitution", is added.  Nothing similar to the present § 28 of art 5 existed in the 1908 Constitution.  The question then is whether § 28 vested "exclusive" jurisdiction over state trunkline highways in the state or only "paramount" jurisdiction, leaving room for local jurisdiction in those areas particular to local government, such as sidewalks, where the exercise of local jurisdiction would not interfere with the state's paramount jurisdiction.

Constitutional provisions relating to the same subject matter are to be construed together. *Thoman* v. *City of Lansing* (1946), 315 Mich 566. The framers of the constitution are presumed to have knowledge of the judicial construction of existing constitutional provisions. *Richardson* v. *Secretary of State* (1968), 381 Mich 304.  The

existing law with respect to a city's jurisdiction over state trunkline highways at the time the present constitution was adopted is stated in *Allen* v. *State Highway Commissioner* (1953), 338 Mich 407, 415:

"The reasonable control of streets reserved to cities under the Constitution (Article 8, Sec 28) does not give them exclusive control, preventing the State from assuming any control over State trunk line highways running through cities."

The existing law was more fully set forth in *People* v. *McGraw* (1915), 184 Mich 233, 238:

"In other words, the municipality retains *reasonable control* of its highways, which is such control as cannot be said to be unreasonable and inconsistent with regulations which have been established, or may be established, by the State itself with reference thereto.  This construction allows a municipality to recognize local and peculiar conditions and to pass ordinances regulating traffic on its streets, which do not contravene the State laws."  (Emphasis in *McGraw*.)

Reading the two constitutional provisions relating to control of highways with reference to each other and in light of existing law when the provisions were framed, we believe that municipalities were meant to retain reasonable control over state trunkline highways located within their boundaries so long as that control pertains to local concerns and does not conflict with the paramount jurisdiction of the state highway commission.

This view is further supported by the legislative action following adoption of the Constitution of 1963.  Art 5, § 28 provides that jurisdiction and control shall exist in the state highway commission, "as provided by law."  The legislature

responded in 1964 with PA 1964, No 170, which reads in part:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel.  *  *  *  The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular traffic and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel." (CL 1948, § 691.1402, as amended by PA 1964, No 170 [Stat Ann 1969 Rev § 3.996(102)].)

Pursuant to the constitutional mandate, the legislature provided by law that the jurisdiction and control of the state with regard to maintenance and liability extends only to the portion used for vehicular travel. It left the sidewalks to the reasonable control of the cities pursuant to art 7, § 29.

Defendant's interpretation of the statutes and constitutional provisions with regard to highway control and liability thus fails to take into consideration the continuous change through statutory amendments and repeals along with the new constitution. There is no inconsistency with the existing laws governing highway responsibility. Defendant City of Ypsilanti on November 22, 1966, was responsible for the maintenance of the sidewalk in question and liable to plaintiff for the negligent failure to maintain sidewalk.

Appellant's reliance on the Supreme Court holding in *Dittmar* v. *City of Flint* (1965), 374 Mich 688, is misplaced. That case arose before the effective date of PA 1964, No 170, and no real consider-

ation of the application of that statute is contained in it. By our construction of PA 1964, No 170, that holding no longer applies. It would indeed have been preferable if the statute had spelled out the legislative intent more fully, and thereby rendered unnecessary this labor of construction to close what would otherwise have been an unintended loophole in the law.

We proceed next to consider appellant's contention that the trial court should have found plaintiff guilty of contributory negligence as a matter of law, solely because she had walked on the sidewalk many times before and knew of its defective condition. We rule, to the contrary, whether her manner of walking at the time she fell was reasonably prudent or not constituted a question of fact for the jury.

In *Germaine* v. *The City of Muskegon* (1895), 105 Mich 213, 217, the Supreme Court held:

"It was not error to instruct the jury, under the facts of this case, that the plaintiff had a right to travel on the sidewalk, and that the mere fact that he did so travel, even with the knowledge that there was a hole in the walk, was of itself no evidence of negligence on his part unless the place was so dangerous that a prudent man would not have traveled on the walk. Sidewalks are intended for the use of pedestrians, and they are entitled to walk upon them, and are entitled to do so even if they have knowledge of a defect like the one in question."

See also *Gugel* v. *Sears Roebuck & Co.* (CA6, 1962), 308 F2d 131, 139. There the Court, holding that the question of contributory negligence was for the jury, said:

"We are convinced that under the more recent decisions of the Supreme Court of Michigan, here-

inbefore cited and discussed, the question of plaintiff's contributory negligence in the present action was properly submitted to the jury for its determination. Having returned a verdict for plaintiff, the jury obviously found he was not guilty of contributory negligence."

That case concerned an injury sustained by a fall into a greasepit at a service station. The greasepit was clearly marked and plaintiff knew of its existence.

The sidewalk in the case at bar was not so dangerous that a prudent person would not have traversed it. The condition had existed for years and the sidewalk was well traveled. The alternative to using the sidewalk was to step off the curb into a five-lane state trunkline highway. The jury obviously felt that it was more prudent for a 65-year-old lady to stay on the sidewalk, and that although she was injured it was not for want of reasonable care on her part.

Appellant contends lastly that the notice requirement of PA 1964, No 170,[1] was not adequately complied with by the plaintiff. The statute requires that the exact location and nature of a defect be specified by the claimant.

The reference in the notice was to "defective sidewalk immediately east of 5 West Michigan Avenue which is located on the south side of Michigan Avenue." Appellant admits that no difficulty was experienced by the defendant city in locating the defect.

In *Oesterreich* v. *City of Detroit* (1904), 137 Mich 415, and *Overton* v. *City of Detroit* (1954), 339 Mich

---

[1] CL 1948, § 691.1404, as added by PA 1964, No 170 (Stat Ann 1969 Rev § 3.996[104]).

650, two notices essentially similar to that before us were held sufficient. In both cases the term "defective sidewalk" was employed. Coupled with the specific description of the location, time and nature of injuries, plaintiff's description of the nature of the defect substantially complies with the statute. As this Court stated in *Smith* v. *City of Warren* (1968), 11 Mich App 449, 455, "Some degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects." In that case *all* aspects were found deficient. Compare *Rule* v. *City of Bay City* (1968), 12 Mich App 503, where substantial compliance was held adequate.

The trial court correctly denied defendant's motion for judgment notwithstanding the verdict. Affirmed, with costs to appellee.