MICHONSKI v CITY OF DETROIT

MICHONSKI v DEPARTMENT OF TRANSPORTATION

Docket Nos. 83928, 86231. Submitted June 3, 1986, at Lansing. Decided April 30, 1987.

Daniel Michonski, a professional painter, sustained disabling injuries to his ankles when a twenty-five to thirty foot metal light pole, located on a grass berm between Woodward Avenue and a sidewalk in the City of Detroit, cracked at its base and fell to the ground as he was painting it. The City of Detroit maintains the sidewalk and lighting along this particular stretch of Woodward Avenue, while maintenance of Woodward Avenue itself, a state trunk line highway, is the responsibility of the Department of Transportation. Michonski sued the City of Detroit in Wayne Circuit Court alleging negligence and public nuisance and sued the Department of Transportation in the Court of Claims alleging the same claims. The Court of Claims, James R. Giddings, J., granted summary disposition in favor of the department, ruling that plaintiff had failed to state a claim upon which relief can be granted since the department has no legal duty to erect, install, repair, maintain or inspect the light poles along Woodward Avenue. The circuit court, Harry J. Dingeman, Jr., J., granted summary disposition in favor of the city, ruling that, with respect to plaintiff's negligence claim, no genuine issue of material fact existed and the city was entitled to judgment as a matter of law since plaintiff's allegations did not come within the defective highway exception to governmental immunity. The circuit court also granted summary disposition in favor of the city on plaintiff's nuisance claim, ruling that plaintiff, as a matter of law, had failed to plead a cause of action for intentional nuisance. Plaintiff ap-

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 64 et seq.

Am Jur 2d, Motions, Rules, and Orders §§ 22-26.

Am Jur 2d, States, Territories, and Dependencies §§ 99 et seq.

Liability and suability, in negligence action, of state highway, toll road, or turnpike authority. 62 ALR2d 1222.

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

pealed from both trial court's rulings. The Court of Appeals consolidated the appeals.

The Court of Appeals *held:*

1. Plaintiff made no argument on appeal why the Court of Claims' determination that the Department of Transportation had no duty regarding maintenance of the light pole should be reversed. Additionally, plaintiff and the department agreed that the department is not liable. The Court of Appeals therefore did not review plaintiff's claims against the department.

2. The circuit court correctly held that the City of Detroit had jurisdiction over the sidewalk, the berm and the light pole. However, the circuit court erroneously ruled that, because the light pole was not part of the sidewalk open for public travel, the defective highway exception to governmental immunity did not apply in this case. In contrast to the state and counties, whose liability is limited to the improved portions of highways designed for vehicular travel, municipalities may be liable for improper maintenance of electric street lights under their duty to keep streets, highways, sidewalks and culverts in reasonable repair where a breach of this duty proximately causes a person's injuries.

3. Summary disposition of plaintiff's nuisance claim in circuit court was proper since plaintiff did not allege that the city knew or must have known that harm was substantially certain to follow as a result of the city's conduct with regard to the light pole.

Reversed and remanded as to dismissal of the negligence claim in circuit court, but affirmed in all other respects.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — GOVERNMENTAL IMMUNITY.

A plaintiff faced with a defendant's motion for summary disposition based upon governmental immunity has the burden of pleading facts in avoidance of immunity; where a plaintiff has failed to plead such facts, the appropriate summary disposition is for failure to state a claim upon which relief can be granted; however, where a plaintiff has pled facts in avoidance of immunity, summary disposition is appropriate when there is no genuine issue of material fact (MCL 691.1407; MSA 3.996[107], MCR 2.116[C][8] and [10]).

2. HIGHWAYS — MAINTENANCE OF HIGHWAYS — MUNICIPALITIES.

A municipality which maintains the berms, sidewalks and electric street light poles for a state trunk line highway, where the state, not the municipality, bears the responsibility for maintenance of the highway itself, may be liable under the defective

highway exception to governmental immunity for any personal injuries proximately caused by an improperly constructed, maintained or repaired street light pole (MCL 691.1402; MSA 3.996[102]).

3. NUISANCE — GOVERNMENTAL IMMUNITY.
   A plaintiff must allege that a defendant knew or must have known that harm was substantially certain to follow as a result of the defendant's conduct in order to plead intentional nuisance in avoidance of governmental immunity.

*Schefman & Miller* (by *Neil A. Miller*), for plaintiff.

*Conlin, Conlin, McKenney & Philbrick* (by *Allen J. Philbrick*), for the City of Detroit.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Brenda E. Turner,* Assistant Attorneys General, for the Department of Transportation.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and T. M. GREEN,* JJ.

PER CURIAM. These cases are consolidated for purposes of appeal. Plaintiff instituted suit in Wayne Circuit Court against the City of Detroit and the City of Detroit Public Lighting Department for injuries he sustained while working on a light pole along Woodward Avenue in the City of Detroit. The circuit court granted defendant's motion for summary disposition. Plaintiff also instituted suit for the same injuries in the Court of Claims against the Michigan Department of Transportation. The Court of Claims granted this defendant's motion for summary disposition as well. Plaintiff now appeals both adverse decisions as of right.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The essential facts of this case are not in dispute. Plaintiff was injured on October 26, 1982, when the twenty-five- to thirty-foot metal light pole he was painting collapsed, causing him to fall approximately twenty-five feet to the pavement. At the time of the accident, plaintiff was an employee of Joe Rosenblum Painting and Decorating Company. Rosenblum was painting the light poles and fire hydrants in the Palmer Woods neighborhood under a contract with the Palmer Woods Civic Association. The City of Detroit gave its prior consent and approval to this project and provided them with some of the materials.

The light pole was located in the City of Detroit, on a grass berm between Woodward Avenue and a city-owned sidewalk. Woodward Avenue is under the jurisdiction of the Michigan Department of Transportation. The sidewalk is under the jurisdiction of the City of Detroit, which also owns the grass berm and maintains the light poles.

The metal light pole was twenty-five to thirty feet high and segmented. Plaintiff leaned a thirty-two-foot ladder against the pole, and tied the ladder to the top of the pole. He placed the foot of the ladder on the pavement on Woodward Avenue, and then climbed to the top of the pole and began painting. He then heard a crack as the pole broke at its base, throwing plaintiff to the ground. When he fell, he suffered severe injuries to his ankles, including the ruin of his right ankle joint, rendering him disabled.

Plaintiff's first amended complaint against the lighting department alleges four counts, all principally concentrating on the claim that the light pole was weakened because of severe corrosion, thus presenting a hazard to persons traveling on Woodward Avenue or on the sidewalk. Plaintiff alleged that defendant was negligent in erecting,

maintaining, and failing to inspect the corroded light pole. Specifically, plaintiff alleged negligence and breach of warranty counts, public nuisance, and breach of duty under the highway maintenance statute.

Defendant city moved for summary judgment pursuant to the former GCR 1963, 117, on the ground that plaintiff's claim was barred by the governmental immunity statute, MCL 691.1407; MSA 3.996(107). Following a hearing, the court granted the city summary disposition on Counts I, II, and IV, pursuant to MCR 2.116(C)(10), no genuine issue of material fact. The court concluded that plaintiff's well-pled allegations, taken as true for purposes of the motion, did not come within MCL 691.1402; MSA 3.996(102), the defective highway exception to the governmental immunity statute. The court also granted summary disposition on Count III, pursuant to MCR 2.116(C)(8), failure to state a claim upon which relief can be granted. The court found that plaintiff, as a matter of law, had failed to plead an intentional nuisance cause of action.

As stated above, plaintiff's lawsuit in the Court of Claims was also dismissed on the basis of summary disposition. The allegations against the Michigan Department of Transportation, which is responsible for maintaining Woodward Avenue, a state trunk line highway, were similar to those made against the other defendants in Wayne Circuit Court. The court determined that the state had no legal duty to erect, install, repair, maintain or inspect street lighting poles along Woodward Avenue. The court thus held that plaintiff had failed to state a claim for which relief could be granted under MCL 691.1402; MSA 3.996(102) and MCL 247.651(b); MSA 9.1097(1)(b).

We first consider whether the Court of Claims

erred in dismissing plaintiff's claims against MDOT. Plaintiff has made no argument on appeal why the court's determination that MDOT had no duty regarding the light pole should be reversed. An issue is abandoned on appeal when the appellant has cited no statute, case law, or court rule to support its position. *In re Futch,* 144 Mich App 163, 166; 375 NW2d 375 (1984). Not only has plaintiff not cited any authority to question the ruling of the court, his argument on appeal is that the City of Detroit and its public lighting department are the only proper defendants. Since plaintiff and defendant MDOT agree that MDOT is not liable, we find no basis for review of this question.

We next consider whether the circuit court erred in determining that plaintiff's claim did not come within an exception to governmental immunity. It should be noted first of all that while plaintiff's complaint has named the City of Detroit Public Lighting Department as a defendant, as well as the City of Detroit, the department is not a separate legal entity against which a tort action can be directed. *Davis v Chrysler Corp,* 151 Mich App 463; 391 NW2d 376 (1986). Therefore, reference to the defendant in this analysis is to the City of Detroit.

When confronted with a motion for summary disposition based on governmental immunity, the burden is upon a plaintiff to plead facts in avoidance of immunity. *Furness v Public Service Comm,* 100 Mich App 365; 299 NW2d 35 (1980). Where a plaintiff has failed to plead such facts, the appropriate summary disposition is for a failure to state a claim upon which relief can be granted. *Potes v Dep't of State Highways,* 128 Mich App 765, 770; 341 NW2d 210 (1983). However, where a plaintiff has pled facts in avoidance of immunity, as in the instant case, summary disposition is appropriate

when there is no genuine issue of material fact. *Id.*, 770. The latter was a test applied to three of plaintiff's counts here, as plaintiff alleged claims to come within the defective highway exception. The circuit court found as a mater of law, however, that defendant had no duty to maintain the light pole under the defective highway exception to the governmental immunity act. We find that this determination was erroneous.

In *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), the Michigan Supreme Court recognized four statutory exceptions to governmental immunity as set forth in the governmental immunity act. *Id.*, 593-594. Three of these exceptions, as stated in MCL 691.1405; MSA 3.996(105), MCL 691.1406; MSA 3.996(106) and MCL 691.1413; MSA 3.996(113), are not at issue in the instant case. The fourth, the defective highway exception, MCL 691.1402; MSA 3.996(102), provides in pertinent part:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damage suffered by him from such governmental agency. . . . The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel.

"Highway" is defined to include

every public highway, road and street which is open for public travel and shall include bridges, sidewalks, crosswalks and culverts on any highway. The term "highway" shall not be deemed to include alleys. [MCL 691.1401(e); MSA 3.996(101)(e).]

It is undisputed here that the defective highway exception applies not only to the state and its counties, but also to municipal corporations, such as the City of Detroit, MCL 691.1401(a) and (d); MSA 3.996(101)(a) and (d). It is also undisputed that Woodward Avenue is a state trunk line highway. The circuit court correctly recognized that MCL 250.61; MSA 9.901 expressly relieves defendant of legal liability for state trunk line highways. See *Beyer v Fraternal Order of Eagles, Aerie No 668,* 123 Mich App 492, 497; 333 NW2d 314 (1983). The court therefore correctly determined that plaintiff's injury did not arise out of defendant's failure to keep the highway maintained in that Woodward Avenue is not in defendant's jurisdiction.

The circuit court also analyzed whether defendant's activities with regard to the sidewalk fell within the immunity exception. Taking the allegations in a light most favorable to plaintiff, the court assumed that defendant had jurisdiction over the sidewalk. In so doing, the court correctly noted that *Jones v City of Ypsilanti,* 26 Mich App 574; 182 NW2d 795 (1970), stated that a city can have jurisdiction of a sidewalk where the state has jurisdiction of the street. The court distinguished *Jones* in the following terms:

> However, the alleged facts in the instant case are unlike the facts in *Jones, Id.,* where plaintiff tripped on a defective area of sidewalk which was open for public travel. Plaintiff Michonski's injury

is not alleged to have occurred on an area open for public travel, as required by §§ 1 and 2 of the act; MCL 691.1401, 691.1402, respectively.

In his supplemental brief responsive to the instant motion, plaintiff has admitted that the lamp post was located on a berm. Nowhere is it alleged that the lamp post was on the sidewalk. Outside the area of a sidewalk open for public travel, the § 2 maintenance duty applies only to traffic signs which regulate the flow of traffic. *Ovist v Dept of Highways,* 119 Mich App 245 [326 NW2d 468] (1982); *Tibor v State Highway Dept,* 126 Mich App 159 [337 NW2d 44] (198[3]) (no liability for protruding spike from remains of bus stop sign post); *Pate v Transportation Dept,* 127 Mich App 130 [339 NW2d 3] (1983) (liability for protruding stake on grass strip remaining from traffic control sign).

The court then concluded:

The light post herein not being part of the sidewalk open for public travel, the § 2 immunity exception does not apply. The injury did not arise out of City and PLD's failure to maintain its sidewalk.

Therefore, an exception to governmental immunity pursuant to § 2 of the act, MCL 691.1402; MSA 3.996[10] [sic], does not apply to the instant case.

The recent case of *Davis, supra,* demonstrates that the circuit court's analysis was in error in two respects. First, while noting that the state and its counties have no liability for placement and maintenance of utility poles under the defective highway exception unless they are "on the improved portion of a highway designed for vehicular traffic," the *Davis* Court noted that this Court has recently suggested that the improved portion of a roadway may encompass light poles, thus exposing a county having jurisdiction over street lighting to

liability for breaching its duty to repair and maintain the street lighting. See *Zyskowski v Habelmann,* 150 Mich App 230; 388 NW2d 315 (1986).

Here, defendant had jurisdiction over the sidewalk, the berm, and the light pole. MCL 247.651(1b); MSA 9.1097(1b) relieved the state of any responsibility for providing street lighting along Woodward Avenue. The city owned, constructed, and maintained the light pole. Additionally, and as recognized by the circuit court, for purposes of summary disposition it must be assumed that the city had jurisdiction and responsibility over the light pole. Moreover, the city does not dispute jurisdiction. The court found that the defective highway exception did not encompass a light pole located on a berm and not the sidewalk. As a matter of law, this determination was erroneous. As noted by the Court in *Davis, supra,* 469:

> In contrast to the state and counties, the liability of municipalities under MCL 691.1402; MSA 3.996(102) is not limited to improved portions of highways designed for vehicular travel. Municipalities remain liable for defective construction or maintenance of public highways, roads and streets open for public travel, including bridges, sidewalks, crosswalks and culverts on the highway. See *O'Hare v City of Detroit,* 362 Mich 19, 24-25; 106 NW2d 538 (1960). Their duty encompasses the duty of maintenance and repair of electric street light poles as part of their duty to keep in reasonable repair streets, highways, sidewalks, etc. *Mechay v City of Detroit,* 364 Mich 576, 578; 111 NW2d 820 (1961), and cases cited therein. See also *Cabana v City of Hart,* 327 Mich 287; 42 NW2d 97; 19 ALR2d 333 (1950).

Plaintiff alleged that defendant City of Detroit, a municipality, breached its duty to properly maintain the light pole. It was also alleged that the

city's failure to inform, inspect and warn of the dangerous condition of the light pole was a breach of its duty. Since defendant had a duty, exempted from governmental immunity, to maintain and repair the light pole, summary disposition was improper.

The court's finding, as quoted above, that plaintiff's injuries would have had to occur on an area open for public travel was also erroneous. While noting that the sidewalk is open to public travel, the court held that the light pole was on a berm, not the sidewalk, and that outside the area of a sidewalk open for public travel there is only a duty to maintain traffic signs. Thus, the court concluded that the defective highway exception did not apply because the light pole was not part of the sidewalk open for public travel.

It is clearly not required that a plaintiff's injuries occur while using the sidewalk. The *Davis* Court stated that liability for breach of the duty to repair and maintain light poles is not limited to sidewalk travelers. "Liability is imposed on a municipality in favor of *any* person injured by the municipality's breach of its statutory duty. . . . Thus, municipalities can be held liable for any breach of their duty to maintain and repair street poles which *proximately causes* any person's injuries." *Davis, supra,* 469-470. Since plaintiff had alleged injuries resulting from a breach of a statutory duty exempted from governmental immunity, summary disposition as to Counts I, II, and IV on the basis of MCR 2.116(C)(10) was improper. While there was no genuine issue as to any material fact, defendant was not entitled to judgment as a matter of law. We therefore reverse on this ground.

We next consider whether plaintiff had properly alleged an intentional nuisance in avoidance of governmental immunity. When the basis for a

motion for summary disposition is a failure to state a claim upon which relief can be granted, it is the burden of a plaintiff to plead facts in avoidance of immunity. Here, if plaintiff sufficiently alleged intentional nuisance in fact, and thereby established an exception to governmental immunity, then summary disposition of Count III was improper. However, we find that plaintiff's allegations were not sufficient.

To be sufficient, it must be alleged that a party knew or must have known that the harm was substantially certain to follow as a result of a defendant's conduct. *Zyskowski, supra,* 240. Here, we agree with the trial court that Count III sounds in negligence. Plaintiff has basically alleged that defendant failed to inspect and maintain the light pole. While it is true that plaintiff alleges that defendant knowingly and intentionally failed to do these acts, we do not find that these conclusory terms alter the fact that the underlying allegation is one of negligence. As noted by this Court in *Furness, supra,* 370:

> This leaves the question of the nuisance allegations. The gravamen of these allegations is that defendants were negligent in failing to correct a known danger (nuisance). This alleged conduct is omissive rather than commissive and would therefore fall within the category of a negligent nuisance. As such it remains protected from suit by governmental immunity. See *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978).

Here, plaintiff has alleged that defendant failed to inspect the light pole. This is an omissive, rather than commissive, act. Plaintiff's allegations do not rise to the level that defendant knew or was substantially certain that plaintiff's injuries would result from its conduct. To expand upon this

exception would render the distinction between negligent and intentional nuisances nonexistent.

Finally, we address the question whether the circuit court applied the correct standard in ruling on defendant's motion for summary disposition. Plaintiff argues that the court made improper legal rulings in dismissing Counts I, II, and IV. We find no merit to this claim. The court's opinion is replete with acknowledgments of the standard that plaintiff's allegations must be viewed in a light most favorable to plaintiff.

On the counts which were dismissed for there being no genuine issue of material fact, plaintiff claims that the circuit court made improper legal rulings over the jurisdiction of the light pole and its location. The court did assume that the light pole was under the jurisdiction of the City of Detroit. This is what was in fact alleged by plaintiff. It is undisputed that the light pole was on a grass berm and not physically on a sidewalk. The court found as a matter of law that the defective highway exception did not encompass the light pole not physically located on the sidewalk. Although we have concluded that the legal determination was erroneous for the reasons given above, the court employed the correct procedure in reaching its conclusion.

Plaintiff also claims that the circuit court failed to view plaintiff's allegations of intentional nuisance in a light most favorable to him. Plaintiff has not developed this argument on appeal, but rather reiterates that he pled sufficient facts in avoidance of governmental immunity. We found above that this was not the case.

The circuit court's dismissal of Counts I, II, and IV on the basis of MCR 2.116(C)(10) is reversed and this case is remanded. The dismissal of Count III, intentional nuisance, on the basis of MCR 2.116(C)(8) is affirmed.