HAVERSTICK ENTERPRISES, INC., d/b/a North American Equipment Co., James E. Haverstick, and Glenn Belcher, Plaintiffs,

v.

FINANCIAL FEDERAL CREDIT, INC., Thomas Fahl, City of Romulus, City of Romulus Police Department, and John Doe, Defendants.

No. 91–76874.

United States District Court, E.D. Michigan, S.D.

Sept. 10, 1992.

Peter B. Bundarin, Canton, Mich., for plaintiffs.

Sheryl L. Toby, Detroit, Mich., Edward E. Salah, Livonia, Mich., for defendants.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

EDMUNDS, District Judge.

This matter has come before the Court at a hearing on September 2, 1992 upon the motion to dismiss and/or for summary judgment of Defendants the City of Romulus, the City of Romulus Police Department, and Officer John Doe. This is a civil rights action arising out of Defendant Financial Federal Credit's repossession of a wrecker from Plaintiffs Haverstick Enterprises. Plaintiffs include the following: Haverstick Enterprises Inc., d/b/a North American Equipment Co.; James Haverstick (president of Haverstick Enterprises, Inc.) and Glenn Belcher (employee of Haverstick Enterprises). Defendants include: Financial Federal Credit, Inc.; Thomas Fahl (sales manager for Financial Federal); City of Romulus, City of Romulus Police Department and John Doe police officer.

The City of Romulus and the City of Romulus Police Department now move to dismiss and/or for summary judgment. The police officer originally named as John Doe has now been identified as John Hlinak. While not set forth as a written motion, Plaintiffs impliedly move to amend their complaint to name Officer John Hlinak in place of John Doe. For the reasons stated below, the Court hereby grants Defendants' motion as to all of Plaintiffs' federal law claims, and hereby denies Plaintiffs' motion to amend.

### I. Facts

Haverstick Enterprises purchased a wrecker from a truck dealership, and Financial Federal financed the purchase. When Haverstick defaulted on the loan, Financial Federal decided to repossess the wrecker. Under Michigan law, a secured creditor may repossess collateral if the re-

possession can be achieved without a breach of the peace. Mich. Comp. Laws Ann. § 440.9503 (West 1967). Financial Federal requested that the Romulus Police Department send a policeman on "civil standby" to maintain the peace during the repossession. Thus, Officer John Hlinak attended the repossession with representatives of the creditor, Thomas Fahl and another Financial Federal employee.

Plaintiff Glenn Belcher, a Haverstick Enterprises employee, was attending the compound where the wrecker was located when the repossession took place. When Officer Hlinak, Fahl and the other Financial Federal employees entered the compound, Belcher locked the gate behind them to prevent the repossession. Fahl drove the wrecker through the gate.

Glenn Belcher alleges that he attempted to get in his car to follow the wrecker and prevent the repossession. He claims that Officer Hlinak pushed him in the chest, told him he was "under arrest" and kept his driver's license in his pocket until the wrecker was out of sight.[1] Then the Officer left. Belcher was never searched or charged. He was not prevented from leaving. Officer Hlinak simply inspected his license and prevented him from entering his car.

As a result of the foregoing, Plaintiffs have brought this suit alleging various federal and state law claims as follows:

Count I Michigan Consumer Protection Act

Count II Conspiracy violations: equal protection and due process under Michigan law and under the Fifth and Fourteenth Amendments, constituting a violation of 42 U.S.C. §§ 1985(3) and 1986

Count III Trespass

Count IV Conversion of Chattel

Count V Michigan Motor Vehicle Sales Finance Act

Count VI Constitutional and Civil Rights Violations: Due process and equal protection under the Fifth and Fourteenth Amendments, constituting a violation of 42 U.S.C. § 1983

Count VII False Arrest and Imprisonment

Count VIII Assault and Battery

Thus, Plaintiffs' federal claims are those under 42 U.S.C. §§ 1983, 1985(3) and 1986 for violations of equal protection and due process rights under the Fifth and Fourteenth Amendments set forth in Counts II and VI of the Complaint.

## II. Standard for Dismissal for Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Elliot Co., Inc. v. Caribbean Utilities Co., Ltd.,* 513 F.2d 1176 (6th Cir.1975). Assuming all allegations are true in a light most favorable to plaintiff, the court must determine whether the complaint states a valid claim for relief. Although Defendants' motion specifies that it is a motion to dismiss, the Court notes that it is more properly a motion for judgment on the pleadings because Defendants have already answered the Complaint. Fed.R.Civ.Pro. 12(b)(6), 12(c), & 12(h)(2). In any event, a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss. *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir.1989).

## III. Standard for Summary Judgment

Defendants have moved alternatively for summary judgment. In considering a motion for summary judgment, the Court may grant the motion only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). As the Supreme Court ruled in *Celotex,* "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must view the allegations of the complaint in the light most favorable to the

---

**1.** Officer Hlinak contends that he did not touch Belcher or place him under arrest.

non-moving party. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

### IV. Analysis

#### A. City Of Romulus Police Department

■ This case must be dismissed against the City of Romulus Police Department because the police department is not a legal entity against whom a suit can be directed. *Moomey v. City of Holland*, 490 F.Supp. 188 (W.D.Mich.1980) (police department is merely creature of the city under Mich. Comp. Laws Ann. § 92.1 (West 1991); city is real party in interest). *See Michonski v. City of Detroit*, 162 Mich.App. 485, 413 N.W.2d 438 (1987) (public lighting department is not separate legal entity against whom tort action may be brought). Thus, Defendants' motion to dismiss this suit against the City of Romulus Police Department is granted.

#### B. City Of Romulus

■ In order to state a claim against a municipality under section 1983, a plaintiff must show that the municipality itself, through custom or policy, caused the alleged constitutional violation. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). There are two requirements for liability based on custom: (1) the custom must be attributable to the city through actual or constructive knowledge on the part of policymaking officials; and (2) the custom must have been the cause of and the moving force behind the constitutional deprivation. Respondeat superior liability does not give rise to a section 1983 claim. *Monell*, 436 U.S. at 692–94, 98 S.Ct. at 2036–37.

■ In an action alleging municipal liability, the plaintiff must plead the facts upon which he bases his claim; mere conclusory allegations are insufficient. *Haas v. Berrien C'nty Sheriff's Dept.*, 658 F.Supp. 877, 879–80 (W.D.Mich.1987); *Fecteau v. Unknown Officers & Agents of Clinton Twp.*, 596 F.Supp. 580, 582–83 (E.D.Mich.1984). Further, where a municipality has no custom, plan, or scheme to provide official assistance to aid in repossession by private parties, there can be no liability on the part of the municipality. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 509 n. 1 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).

■ In this case, Plaintiffs have made merely conclusory allegations that the City of Romulus was grossly negligent in failing to train, supervise, and discipline its police. See paragraphs 60 and 94 of the Complaint. Such allegations fail to state a claim against the City of Romulus. Thus, the Complaint is dismissed against the City.

#### C. Motion To Amend To Add Officer John Hlinak

■ Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint shall be freely given within the discretion of the trial court. However, a motion to amend a complaint may be denied if the motion is brought in bad faith or for dilatory purposes or if granting the motion would result in undue delay or prejudice to the opposing party or would be futile. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Marx v. Centran*, 747 F.2d 1536, 1551 (6th Cir.1984). In this case, permitting Plaintiffs to amend their complaint to name Officer John Hlinak in place of the John Doe would be futile. Plaintiffs do not have any viable federal claims against Officer Hlinak.

##### 1. Deprivation Of Property Without Due Process

■ In order to state a claim under section 1983, a plaintiff must show that the defendant, acting under color of state law, deprived plaintiff of a right secured by the Constitution and laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The main issue presented by Defendants' motion is whether Officer Hlinak, under color of state law, deprived Haverstick Enterprises of its

property without due process of law, and if so, whether Officer Hlinak is immune from liability.

■ A debtor has a right to minimal due process (notice and opportunity to be heard) before a state may assist a secured creditor in repossessing the debtor's property. *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir.1981). In this case, there was no notice or opportunity to be heard provided to Plaintiffs prior to the repossession of the wrecker. Even so, Haverstick Enterprises must plead and prove that the deprivation was done "under color of state law" in order to pursue a claim under section 1983.

■ The issue at hand is whether Officer Hlinak participated in the repossession of the wrecker to the extent that the Court can conclude that state action deprived Haverstick Enterprises of its property without due process of law.[2] Police intervention and aid in the repossession of property constitutes state action. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 513 (5th Cir.1980), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). However, the mere acquiescence by police to stand by in case of trouble does not constitute state action in a repossession situation. *Harris v. City of Roseburg*, 664 F.2d 1121, 1127 (9th Cir.1981); *U.S. v. Coleman*, 628 F.2d 961, 964 (6th Cir.1980).

In *Menchaca*, the police officers told the debtor that he could be arrested if he continued to use abusive language and create a breach of the peace. The officers departed prior to the actual repossession. Thus, the court held that the evidence failed to show state action. *See also Coleman*, 628 F.2d 961 (police standing by around corner from scene of repossession was insufficient to convert private repossession into state action); *Wright v. Nat'l Bank of Stam-*

*ford*, 600 F.Supp. 1289 (N.D.N.Y.) (police attendance during repossession did not constitute state action, summary judgment granted), *aff'd without opinion*, 767 F.2d 909 (2d Cir.1985).

In contrast, in *Harris v. City of Roseburg*, the police officer who "stood by" during a repossession told the debtor that he would go to jail if he tried to interfere with the repossession. The court found that this conduct constituted state action because the policeman intervened and aided in the repossession.

■ Whether or not the actions of the police while standing by during a repossession constituted state action is a question of fact. *Jones v. Gutschenritter*, 909 F.2d 1208 (8th Cir.1990).[3] Even so, to survive summary judgment, Plaintiffs must demonstrate that there is a genuine issue of material fact regarding Officer Hlinak's alleged aid in the repossession.

■ In this case, Plaintiffs claim that Officer Hlinak stopped Glenn Belcher and held his driver's license thus preventing Mr. Belcher from preventing the repossession. There is no allegation whatsoever that Officer Hlinak actually assisted in repossessing the wrecker. It is undisputed that Financial Federal repossessed the wrecker. The presence of Officer Hlinak during the repossession and his request of Mr. Belcher's identification is immaterial as it did not aid in the repossession. It is undisputed that the request for identification occurred after the creditor's employees had driven off in the wrecker. Belcher testified at his deposition that the wrecker was repossessed while he was inside the office at the compound, prior to his exiting the office and the confrontation with Officer Hlinak. Belcher at 49–50. Thus, Plaintiffs cannot contend that Belcher would have been able to prevent the repossession

2. There is no question but that Officer Hlinak, in uniform and performing his job, was a state actor. "[A] public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988).

3. Note that in *Menchaca* the court determined whether the police conduct converted the private repossession into state action as a matter of law. The issue came before the court on defendant's motion to dismiss for lack of jurisdiction under Fed.R.Civ.Pro. 12(b)(1), and the court made its determination after an evidentiary hearing.

but for the actions of Officer Hlinak. Because Officer Hlinak did not aid in the repossession and his confrontation with Belcher occurred after the repossession, Officer Hlinak could not be liable for violating the due process rights of Haverstick Enterprises.

Even if Officer Hlinak had participated in the repossession, he would be immune from liability. Governmental officials acting in their official capacities are protected by the good faith defense. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would know." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In *Harlow*, the Supreme Court based its holding in policy considerations. "[W]here an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.'" *Id.* at 819, 102 S.Ct. at 2739. In a repossession case, *Harris v. City of Roseburg*, the court found that even though the policeman had aided in the repossession, he was immune from liability under section 1983. The police officer told the debtor to "get away" and threatened him with arrest if he should interfere in the repossession. The court found that the policeman's conduct was intended to maintain the peace and that the officer reasonably believed his action was appropriate. Thus, good faith immunity applied. 664 F.2d at 1127–30.[4]

Officer Hlinak, if named as a defendant in this action, would be immune from liability as was the officer in *Harris*. Officer Hlinak was present at the repossession on "civil standby." He was there to keep the peace. Officer Hlinak merely stopped Mr.

Belcher and requested his driver's license. Such conduct did not violate any clearly established constitutional right, and thus Officer Hlinak would be immune from liability on Haverstick Enterprises' due process claim. In sum, it would be futile to amend the Complaint to name Officer Hlinak since Plaintiffs do not have a viable due process claim against him under section 1983.

### 2. Deprivation Of Liberty Without Due Process

The Complaint also seems to attempt to state a claim for violation of Belcher's due process liberty interest. The Court can discern no other reason why Glenn Belcher would have been named as a plaintiff in this suit. After all, the wrecker that Financial Federal repossessed belonged to Haverstick Enterprises, not to Glenn Belcher. Presumably, Belcher claims that his due process liberty interest was violated during the repossession. However, there is no evidence presented that Officer Hlinak deprived Glenn Belcher of his liberty in violation of the Fourteenth Amendment. Thus, summary judgment should be granted in favor of Defendants regarding this issue.

### 3. Equal Protection

It is not clear what Plaintiffs' equal protection claim is. Plaintiffs have not alleged that they are members of any suspect class. The Court has already concluded that no fundamental right was violated. When a claimant is not a member of a suspect class and no fundamental right is implicated, the inquiry under the equal protection clause is whether the state action rationally furthers a legitimate state purpose. *Carlson v. Village of Union City*, 601 F.Supp. 801, 812–13 (W.D.Mich.1985). However, in this case, Plaintiffs have not alleged that Defendants treated Plaintiffs

---

**4.** Although *Harris* was decided on under pre-*Harlow* immunity law, the result would be the same under *Harlow*. Before *Harlow*, courts determined that a governmental official was immune from liability under § 1983 where (1) there were reasonable grounds to believe that the action was appropriate and (2) the officer

acted in good faith. *See Harris*, 664 F.2d at 1128. *Harlow* merely revised the doctrine of qualified immunity to minimize the second part of the inquiry and to emphasize the objective inquiry. *See* 2 Sheldon H. Nahmod, *Civil Rights and Civil Liberties Litigation* § 8.03 (3d ed. 1991).

differently than similarly situated individuals let alone that Defendants did so without any rational basis. Further, in order to prove a claim based on selective law enforcement (assuming this is what Plaintiffs' claim is), a plaintiff must demonstrate discriminatory purpose and effect. *Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985). Even so, Plaintiffs have failed to allege any discriminatory purpose or effect. Thus, Plaintiffs fail to state a claim for violation of the equal protection clause of the Fourteenth Amendment.

### 4. Fifth Amendment

■ Plaintiffs also allege a violation of the Fifth Amendment. However, the Fifth Amendment applies to federal action, not to private action or state action. *See Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). *See generally,* 1 Sheldon H. Nahmod, *Civil Rights and Civil Liberties Litigation* § 2.03 (3d ed. 1991) (on its face, Fifth Amendment applies only to federal government; Fourteenth Amendment applies to states). Where there is no suggestion that any defendant is associated with the federal government, a claim under the Fifth Amendment should be dismissed. *Three Rivers Cablevision Inc. v. City of Pittsburgh,* 502 F.Supp. 1118, 1134 (W.D.Penn.1980). Plaintiffs have not suggested that any of the Defendants are associated with the federal government. Plaintiff has no claim for violation of the Fifth Amendment, thus this claim is dismissed.

### 5. Section 1985(3)

■ Section 1985(3) of Title 42 provides a cause of action for conspiracy to deprive a person of the equal protection of the laws. This section applies only to private conspiracies predicated upon "racial, or perhaps otherwise class-based, insidiously discriminatory animus." *Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). It is necessary to allege a conspiracy, the acts in furtherance

thereof, and that the acts stemmed from a class-based animus. *Place v. Shepard,* 446 F.2d 1239 (6th Cir.1971). Further, in order to back a claim of conspiracy, a plaintiff must allege specific acts or means by which the defendants were alleged to have conspired. *Copley v. Sweet,* 234 F.2d 660 (6th Cir.), *cert. denied,* 352 U.S. 887, 77 S.Ct. 138, 1 L.Ed.2d 91 (1956). *See Davey v. Tomlinson,* 627 F.Supp. 1458, 1462 (E.D.Mich.1986) (where plaintiff merely alleges section 1985 conspiracy in conclusory fashion, without alleging my class-based animus and without alleging any specific acts or means, section 1985 claim should be dismissed).

■ Plaintiffs have not alleged a conspiracy in anything more than a conclusory fashion; they have not alleged any particular acts whatsoever that were done in furtherance of a conspiracy. Further, the Complaint fails to allege any class-based animus. Only in response to Defendants' motion to dismiss and/or for summary judgment do Plaintiffs allege that Defendants conspired against Belcher due to his physical handicap. Plaintiffs have requested leave to amend their Complaint to add the allegation that Defendants conspired against Belcher due to class-based animus founded upon Belcher's handicap. Plaintiffs have brought no case to the Court's attention holding that physical handicap is a class-based animus recognized under section 1985(3).

Moreover, as far as Glenn Belcher is concerned, Plaintiffs' conspiracy claim fails to make any logical sense. Plaintiffs allege that Financial Federal conspired with Officer Hlinak to deprive Mr. Belcher of his constitutional rights due to Defendants' "class-based" animus against Mr. Belcher because Mr. Belcher is physically handicapped. This suit arose out of the repossession of property belonging to Haverstick Enterprises. Mr. Belcher was merely the employee of Haverstick who happened to be on duty at the time the repossession took place. These facts do not give rise to any sort of claim that Defendants conspired against Mr. Belcher. Plaintiffs

claim under section 1985(3) is dismissed. Accordingly, Plaintiffs request to amend their Complaint to allege class-based animus and to name John Hlinak as a defendant to their section 1985(3) claim is hereby denied.

### 6. Section 1986

 Section 1986 of Title 42 provides a cause of action against a person who neglects to prevent a violation of section 1985. Without a violation of section 1985, there can be no violation of section 1986. *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir.1980); *German v. Killeen*, 495 F.Supp. 822, 829–30 (E.D.Mich.1980). Thus because Plaintiffs have no section 1985 claim, they also have no section 1986 claim against Officer Hlinak either. It would be futile to permit Plaintiffs to name Officer Hlinak as a defendant in this case.

### V. Rule 11 Sanctions

 Defendants, in their Reply brief, request that the court grant Rule 11 sanctions against Plaintiffs due to the frivolous nature of the claims against the City, the Police Department, and Officer Hlinak. Rule 11 provides:

> Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose....

If the court finds that Rule 11 has been violated, it may impose an appropriate sanction, including costs and a reasonable attorney's fee. The Notes of the Advisory Committee on Rules, in discussing the 1983 Amendments to the Rule, states that "[t]he new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances." *Century Products, Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir.1988) (quoting Rule 11 Advisory Committee's Note to the 1983 Amendment). The attorney must conduct a reasonable inquiry to determine that the legal theories urged upon the court are warranted by existing law or are good faith arguments for extension or modification of existing law. *Jackson v. Law Firm of O'Hara, Ruberg, et al.* 875 F.2d 1224, 1229 (6th Cir.1989).

 It might be appropriate to sanction Plaintiff's counsel for their claims against the City and the Police Department and for all claims against Officer Hlinak, with the exception of the section 1983 claim against Officer Hlinak for violation of Haverstick Enterprises' due process rights under the Fourteenth Amendment. On the other hand, "[t]he rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Davis v. Crush*, 862 F.2d 84, 89 (6th Cir. 1988) (quoting Rule 11 Advisory Committee's Note to the 1983 Amendment). Rule 11 does not bar a party from filing a claim where he has some support for his claim, but he needs discovery to prove the claim. *Frantz v. United States Power Lifting Federation*, 836 F.2d 1063, 1068 (7th Cir. 1987). Further, the challenged party cannot be held to what might be discovered by an exhaustive inquiry. 11 Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1335 (1990). Factual errors, if any, should not result in sanctions. *Balfour Guthrie, Inc. v. Hunter Marine Transport, Inc.*, 118 F.R.D. 66, 73 (M.D.Tenn.1987).

 In this case, it was not frivolous or unreasonable for Plaintiffs to believe that they might have some section 1983 claims against Officer Hlinak for violation of due process rights under the Fourteenth Amendment. The balance of the federal claims, however, were wholly unsupported in fact and in law. Defendants were put to considerable expense in defending these meritless claims, although the more sup-

portable claim against the individual officer would have involved some defense costs regardless of the other claims.

The proposed amendments to Rule 11 make sanctions payable to the court rather than to the opposing party; thus, it is clear that the rule is not intended merely as a fee shifting device. Given that orientation, and given the somewhat colorable claim against the individual officer, the Court declines to award rule 11 sanctions in this case. Nevertheless, Plaintiffs and their counsel are admonished to consider and research their claims more carefully in the future if they wish to avoid monetary sanctions.

*VI. Conclusion*

This case is not the type of case contemplated by the federal civil rights statutes. "The purpose of imposing private liability under § 1983 was not to bring into a federal court every tort claim with which state officials have some relationship no matter how attenuated. The objective was to discourage private participation in official lawlessness. That objective would not be served by permitting the maintenance of this suit in this court." *Wright,* 600 F.Supp. at 1302. In sum, summary judgment under Rule 56 is hereby granted in favor of Defendants City of Romulus and the City of Romulus Police Department against Plaintiffs' claims under the Fifth and Fourteenth Amendments and under 42 U.S.C. §§ 1983, 1985(3), and 1986. Further, the Court would be required to dismiss these same claims against Officer John Hlinak if he were named. Thus, Plaintiffs request to amend their Complaint to name Officer Hlinak is denied. In addition, Defendants' request for Rule 11 sanctions is hereby denied.

The remaining claims set forth in the complaint are based on state law. Since the parties to this action are non-diverse and no other independent jurisdiction exists, this Court declines to exercise supplemental jurisdiction over the remaining claims and the state claims are hereby remanded to state court. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) (doctrine of pendent jurisdiction is doctrine of discretion; usually when all federal claims are dismissed before trial, a federal court should dismiss state claims as well); 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction).