BELL v FOX

Docket No. 145414. Submitted January 12, 1994, at Detroit. Decided
June 8, 1994; approved for publication September 1, 1994, at
9:00 A.M.

Gloria Patricia Leigh Bell brought an action in the Wayne
Circuit Court against Detroit Police Officers Claude Fox, Tedre
Kerr, two supervisory officers, and the City of Detroit, seeking
damages resulting from the defendants' mistaken arrest of the
plaintiff. The court, William L. Cahalan, J., granted summary
disposition for Fox, Kerr, and the city, dismissing the plaintiff's
federal law claims on the basis of res judicata. The court,
James Chylinsky, J., then dismissed the plaintiff's state law
claims, granting summary disposition for Fox, Kerr, and the
city. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in granting the defendants
summary disposition of the plaintiff's state law claims after
finding no questions of material fact for trial.

2. The police officers had probable cause to arrest the plain-
tiff. Therefore, the arresting officers and the city were protected
from the plaintiff's suit by governmental immunity. There is no
intentional tort exception to the doctrine of governmental
immunity.

3. The trial court did not err in dismissing on the basis of res
judicata the plaintiff's federal claims, which had been dismissed
with prejudice by a federal district court after the federal court
considered and decided the merits of the claims.

Affirmed.

1. JUDGMENTS — DISMISSALS — FEDERAL COURTS — PREJUDICE.

A federal court's dismissal of a plaintiff's federal claims that does
not state whether the dismissal is with or without prejudice is
presumed to be with prejudice (FR Civ P 41[b]).

REFERENCES

Am Jur 2d, Judgments, §§ 415, 448, 481, 922.

See ALR Index under Dismissal, Discontinuance, and Nonsuit; Res
Judicata.

2. JUDGMENTS — RES JUDICATA.

> Res judicata bars the relitigation in a state court of a plaintiff's federal claims that have been considered and decided in a final binding decision by a federal court.

*Law Offices of Eddie D. Smith* (by *Eddie D. Smith*), for the plaintiff.

*City of Detroit Law Department* (by *Donald Pailen,* Corporation Counsel, and *Sharon D. Blackmon,* Assistant Corporation Counsel), for Claude Fox, Tedre Kerr, and the City of Detroit.

Before: HOOD, P.J., and R. J. DANHOF* and J. STEMPIEN,** JJ.

PER CURIAM. This case arises out of defendants' mistaken arrest of plaintiff on charges pending against a woman who apparently had stolen plaintiff's identification. Plaintiff appeals as of right from the dismissal of her complaint against the city and the arresting officers.[1] We affirm.

Plaintiff was a passenger in a vehicle parked in an area known to have a lot of drug and prostitution activity. Undercover officers suspected that a drug transaction was underway and asked the three occupants for identification. Plaintiff did not produce identification but gave her name and date of birth to the officers.

A check of the Law Enforcement Information Network (LEIN) computer disclosed that plaintiff's name was an alias for a woman who had an outstanding misdemeanor warrant for prostitution. The date of birth listed on the computer was about

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1993-6.

** Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff's claims against the supervisory officers involved are not part of this appeal. Therefore, "defendants" in this opinion will refer only to defendants-appellees.

two years earlier than the date of birth plaintiff gave the officers. She was nevertheless arrested.

For reasons that are unclear, plaintiff spent about three days in jail before she was released. She was tried and eventually acquitted. She later sued, claiming to have suffered various damages, including loss of employment.

Plaintiff attacks on many grounds the trial court's decision to grant defendants' motion for summary disposition. We have reorganized her arguments and address them below.

In her first two issues, plaintiff claims that the trial court erred in granting defendants' motion for summary disposition under MCR 2.116(C)(10). She argues that her arrest was without probable cause and also that the officers' affidavits below were inaccurate. We disagree.

We note that, in opposing a motion for summary disposition, a "party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4); see also *Stanton v Dachille,* 186 Mich App 247, 262; 463 NW2d 479 (1990). Plaintiff completely failed to do that. In fact, she did not even submit her own affidavit in support of her allegations. Under these circumstances, the trial court was justified in finding that there were no questions of material fact for trial.

Just before the hearing regarding plaintiff's motion for rehearing or reconsideration, defendants admitted in writing that there was an error in their affidavits. Specifically, defendants admitted that, contrary to what was stated in their affidavits, the LEIN report did not list the date of birth plaintiff gave the officers but rather listed a different date of birth. The trial court made this letter

part of the record as an amendment of defendants' affidavits.

After considering this admission, the trial court declined to change its ruling with regard to defendants' motion for summary disposition. The court agreed with defendants that, because plaintiff had no identification or other confirmation of her asserted date of birth in her possession, because the two dates were only about two years apart and therefore there was no obvious difference in age, and because plaintiff could not be fingerprinted on the street, the officers had acted properly in arresting her. We agree with the trial court that, given these unrebutted facts, there was probable cause to arrest plaintiff.

On the merits, we also agree with the trial court that, because defendants had probable cause to arrest plaintiff, they were protected from suit by governmental immunity. See MCL 691.1407(2); MSA 3.996(107)(2).

According to defendants' uncontroverted affidavits, they clearly were acting within the scope of their authority and discharging a governmental function when they arrested plaintiff. See MCL 691.1407(2)(a) and (b); MSA 3.996(107)(2)(a) and (b); see also *Harrison v Director of Dep't of Corrections,* 194 Mich App 446, 450; 487 NW2d 799 (1992). As discussed above, their conduct in arresting plaintiff was reasonable and not grossly negligent within the meaning of the statute. That is, their conduct was not "so reckless as to demonstrate a substantial lack of concern for whether an injury results." See MCL 691.1407(2)(c); MSA 3.996(107)(2)(c). Thus, they were immune from suit. See *id.* We note that, contrary to plaintiff's argument, there is no intentional tort exception to the doctrine of governmental immunity. *Smith v Dep't of Public Health,* 428 Mich 540, 544; 410 NW2d

749 (1987), aff'd on other grounds sub nom *Will v Michigan Dep't of State Police,* 491 US 58 (1989); see also *Harrison, supra* at 450. The trial court properly granted defendants' motion for summary disposition regarding all plaintiff's state claims.[2]

Plaintiff also argues that the trial court erred in dismissing her federal claims on the basis of res judicata. We again disagree.

For the sake of clarification, we note that, before suing in state court, plaintiff sued in federal court, alleging the same state and federal claims she asserted below. The federal court, in considering defendants' motion for summary disposition, considered plaintiff's federal claims on the merits and dismissed them. The federal court also dismissed plaintiff's pendent state claims, but explicitly did so without prejudice. Plaintiff's motion for reconsideration was denied and she did not appeal.

First, because the federal court's order did not state whether the dismissal of plaintiff's federal claims was with or without prejudice, the dismissal is presumed to be with prejudice. See FR Civ P 41(b); see also MCR 2.504(B)(3). Additionally, because the federal court considered and decided the merits of plaintiff's federal claims, its decision is final and binding. *Roberts v City of Troy,* 170 Mich App 567, 577; 429 NW2d 206 (1988). That decision is therefore res judicata and bars relitigation of plaintiff's federal claims. *Id.* Plaintiff's argument to the contrary is clearly meritless. The trial court did not err in dismissing plaintiff's federal claims.

We sympathize with plaintiff's anger at being mistakenly arrested. However,

---

[2] In her first amended complaint, plaintiff alleged the following state claims: assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, negligence, and gross negligence.

[t]he Constitution does not guarantee that only the guilty will be arrested. If it did [42 USC 1983], would provide a cause of action for every defendant acquitted—indeed, for every suspect released.
. . .

. . . Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. [*Baker v McCollan,* 443 US 137, 145-146; 99 S Ct 2689; 61 L Ed 2d 433 (1979).]

Like plaintiff, we question why it took three days for her to be released when a simple fingerprint check would have disclosed that she was the wrong person. However, there is no evidence on this record that would indicate that these defendants were responsible for that delay.

Affirmed.