KENDRICKS v REHFIELD

Docket No. 256693. Submitted January 31, 2006, at Detroit. Decided April 20, 2006, at 9:00 a.m. Leave to appeal sought.

Cardelle Kendricks brought an action in the Wayne Circuit Court against Livonia police officer John Rehfield, two other Livonia police officers, and several Detroit police officers. The plaintiff alleged that he had been arrested and held in jail for seven months pending trial for a crime committed by his identical twin, Carnelle Kendricks, despite his protests of mistaken identity. The Livonia police officer defendants moved for summary disposition on the grounds of governmental immunity. The court, Cynthia Diane Stephens, J., denied the motion, concluding that the plaintiff had alleged facts sufficient to demonstrate recklessness. The Livonia police officer defendants appealed.

The Court of Appeals *held*:

The defendants were not entitled to summary disposition. An employee of a governmental agency acting within the scope of his or her authority is immune from tort liability unless the employee's conduct amounts to gross negligence that is the proximate cause of the injury. Gross negligence is conduct so reckless that it demonstrates a substantial lack of concern for whether an injury results. While a delay of even several days before investigating the plaintiff's claim of mistaken identity might have been reasonable under circumstances such as these, holding the plaintiff without investigating his claim for seven months was not even remotely reasonable. The defendants had access to fingerprints and photographs of both twins and could easily have confirmed the plaintiff's identity with this readily accessible information. The defendants' failure to investigate caused an egregious injury: it deprived the plaintiff of freedom for seven months. Sufficient indicia of gross negligence were presented to create a genuine issue of material fact. It is for the trier of fact to decide whether the defendants' conduct demonstrated a sufficient lack of concern to constitute gross negligence.

Affirmed.

JANSEN, J., dissenting, would reverse, concluding that the plaintiff failed to identify how the defendants' conduct rose to the level of recklessness required for gross negligence. Police officers

acting with probable cause are not grossly negligent when they arrest the wrong person as a result of mistaken identity. The plaintiff's twin brother had committed a crime. The brother's name is remarkably similar to the plaintiff's, and the evidence indicated that the brother may have used the plaintiff's name as an alias in the past. Under these circumstances, the defendants' mistake was a reasonable misunderstanding and did not constitute negligence.

*Frank K. Rhodes, III & Assoc., P.C.* (by *Frank K. Rhodes, III*), for Cardelle Kendricks.

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Joseph Nimako*), for John Rehfield and others.

Before: COOPER, P.J., and JANSEN and MARKEY, JJ.

COOPER, P.J. The Livonia defendants appeal as of right from a circuit court order denying their motion for summary disposition on the ground of governmental immunity. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Plaintiff's twin brother, Carnelle Kendricks, apparently committed a felony offense in Livonia. He evaded Livonia officers and entered Detroit, where he was arrested. The Detroit officers informed the Livonia officers "of the arrest of Carnelle Kendricks a/k/a Cardelle Kendricks with reference to a fleeing and eluding and UDAA offense in Livonia." The Livonia officers subsequently arrested plaintiff,[1] and allegedly ignored his protestations that it was his brother they wanted. Plaintiff was held in jail pending trial for seven months until his claim of mistaken identity was confirmed. Defendants sought summary disposition on the

---

[1] It is unclear from the record whether both brothers were in custody, in Detroit and Livonia respectively, at the same time, or how or why the Livonia police failed to take custody of plaintiff's brother, Carnelle Kendricks, from the Detroit police after he was arrested in Detroit.

ground that they were immune from liability. Defendants' motion was brought under MCR 2.116(C)(7), but the trial court treated it as having been brought under MCR 2.116(C)(8) and denied it, finding that plaintiff had alleged facts sufficient to demonstrate recklessness.

An order denying governmental immunity is appealable as of right. MCR 7.202(6)(a)(v); MCR 7.203(A)(1). Governmental immunity is not an affirmative defense proffered by governmental defendants, but rather is a characteristic of government; therefore "a party suing a unit of government must plead in avoidance of governmental immunity." *Mack v Detroit,* 467 Mich 186, 203; 649 NW2d 47 (2002). To be effective, such pleading must state a claim that fits within a statutory exception to immunity or include facts that indicate the action at issue was outside the exercise of a governmental function. *Id.* at 204. Plaintiff here alleged facts indicative of gross negligence by defendants, and the trial court found sufficient indicia of gross negligence to determine that plaintiff had pleaded in avoidance of immunity. MCL 691.1407(2)(c). The effect of the ruling was that defendants were not entitled to immunity, and that ruling is reviewable as of right. *McDowell v Detroit,* 264 Mich App 337, 342-344; 690 NW2d 513 (2004). Further, the trial court entered an order for a stay pursuant to MCR 7.209(E)(4) stating that it "denied summary disposition based upon governmental immunity" as to the Livonia defendants. That order provides further evidence that the order denying summary disposition was, essentially, an order denying governmental immunity, thus providing defendants with an appeal as of right.

We review the trial court's ruling on a motion for summary disposition de novo. *Kefgen v Davidson,* 241

Mich App 611, 616; 617 NW2d 351 (2000). Governmental immunity is a question of law that is also reviewed de novo on appeal. *Pierce v City of Lansing,* 265 Mich App 174, 176; 694 NW2d 65 (2005).

An employee of a governmental agency acting within the scope of his or her authority is immune from tort liability unless the employee's conduct amounts to gross negligence that is the proximate cause of the injury. MCL 691.1407(2). Gross negligence is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(2)(c).[2] Relevant to the disposition of this action, "[s]ummary disposition is precluded where reasonable jurors honestly could have reached different conclusions with respect to whether a defendant's conduct amounted to gross negligence." *Stanton v Battle Creek,* 237 Mich App 366, 375; 603 NW2d 285 (1999), aff'd 466 Mich 611 (2002).

The dissent asserts that "[d]efendants were not grossly negligent in arresting plaintiff" because their mistake was reasonable. *Post* at 684. We agree that the mistake was reasonable at the point of arrest, and might be inclined to agree that a delay of a day or even several days before investigating plaintiff's claim of mistaken identity could have been reasonable under these circumstances. But we cannot agree that holding plaintiff without investigating the claim for *seven months* was even remotely reasonable. This man remained incarcerated for over half a year because of this grievous error. We therefore agree with the trial court because we find sufficient indicia of gross negligence to create a genuine issue of material fact, and therefore find summary disposition on the ground of governmen-

---

[2] The definition of "gross negligence" is now found at MCL 691.1407(7)(a) following amendment by 2004 PA 428.

tal immunity inappropriate. We believe reasonable jurors could reach the conclusion that defendants were grossly negligent.

Plaintiff alleged that when he was arrested by Livonia officers he informed them that his twin brother was in fact the person they sought. The officers ignored plaintiff's claim of mistaken identity, and plaintiff was held in jail pending trial for seven months until his claim of mistaken identity was confirmed. Defendants had access to fingerprints and photographs of both plaintiff and his brother throughout the seven months, and could have easily confirmed plaintiff's identity with this readily accessible information. Defendants' failure to investigate plaintiff's claim of mistaken identity certainly caused an egregious injury, here seven months of deprivation of freedom. The question of whether the officers' conduct demonstrated a sufficient lack of concern to constitute gross negligence is a question for a trier of fact. We therefore cannot conclude that defendants were immune from liability and were entitled to summary disposition.

Affirmed.

MARKEY, J., concurred.

JANSEN, J. (*dissenting*). I respectfully dissent. The sole issue presented in this case is whether defendants' conduct amounted to gross negligence. This Court has held that police officers acting with probable cause[1] are not grossly negligent for arresting the wrong person as a result of mistaken identity. *Bell v Fox*, 206 Mich App

---

[1] "Probable cause" is the quantum of evidence sufficient to cause a person of ordinary prudence and caution to reasonably entertain a belief of the accused person's guilt. *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003).

522, 525; 522 NW2d 869 (1994). Here, defendants mistook plaintiff for his brother. It is uncontested that plaintiff's brother had committed a crime. It is further undisputed that the brothers are twins. Moreover, plaintiff's first name, "Cardelle," is remarkably similar to his twin brother's first name, "Carnelle." Finally, evidence indicated that Carnelle may have used his brother's name as an alias on past occasions. Under the circumstances of this case, defendants' mistake with respect to plaintiff's identity was a reasonable misunderstanding. Defendants were not grossly negligent in arresting plaintiff. *Id.*

Nor were defendants grossly negligent in failing to investigate plaintiff's claims of mistaken identity. Defendants' failure to conduct a more thorough investigation of plaintiff's true identity was not "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." See former MCL 691.1407(2)(c). While an "investigation's lack of thoroughness might support an inference of negligence," *Ahlers v Schebil*, 188 F3d 365, 373 (CA 6, 1999), mere evidence of ordinary negligence does not create a question of fact concerning gross negligence, *Maiden v Rozwood*, 461 Mich 109, 122-123; 597 NW2d 817 (1999). The burden was on plaintiff to plead facts in avoidance of governmental immunity. *Michonski v Detroit*, 162 Mich App 485, 490; 413 NW2d 438 (1987). Nonetheless, plaintiff failed to identify how defendants' conduct rose to the level of recklessness required for gross negligence. I would reverse the trial court's denial of defendants' motion for summary disposition.