# STATE OF MICHIGAN

# COURT OF APPEALS

GAIL FOSTER,

Plaintiff-Appellee,

UNPUBLISHED
March 1, 2016

v

KEVIN SZLAGA,

Defendant-Appellant,

No. 324837
Macomb Circuit Court
LC No. 2014-002825-NO

and

COUNTY OF MACOMB,

Defendant.

Before: SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

Servitto, J. (*dissenting*).

I respectfully dissent.

The Governmental Tort Liability Act, at MCL 691.1407 provides, in relevant part:

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

-1-

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

The plain language of MCL 691.1407(2) applies subdivisions (a) through (c) only to an "officer, employee, or member while in the course of employment or service" or a "volunteer while acting on behalf of a governmental agency." Thus, absent a finding of "course of employment," a court has no need to reach MCL 691.1407(2)(a), (b), and (c). *Niederhouse v Palmerton*, 300 Mich App 625, 633; 836 NW2d 176 (2013). Our first consideration, then, is whether Szlaga was acting in the course of his employment when the dog bite occurred. In addressing this consideration, we note that in order to determine whether defendant is entitled to summary disposition under MCR 2.116(C)(7), "the proper inquiry is whether *defendant* has met his burden of proof in establishing that he is entitled to governmental immunity as a matter of law." *Oliver v Smith*, 290 Mich App 678, 684-85; 810 NW2d 57 (2010)(emphasis added). "The necessary considerations for a course of employment are (1) the existence of an employment relationship, (2) the circumstances of the work environment created by the employment relationship, including the 'temporal and spatial boundaries established,' and (3) 'the notion that the act in question was undertaken in furtherance of the employer's purpose.'" *Id*. *Niederhouse*, 300 Mich App at 633.

It is undisputed that Szlaga is a deputy of the Macomb County Sheriff's Department. Thus, (1), above has been met. As to (2) and (3), Szlaga relies upon *Niederhouse, supra,* to argue that the circumstances of his employment with the sheriff's department gave rise to the dog's presence with him at his Clare County cottage and that the act of having the dog with him was in furtherance of the sheriff's department's purposes.

In *Niederhouse*, the Roscommon County Sheriff's Department provided airboat rides to the public during a winter festival. An off-duty deputy was operating the airboat when it struck an individual, causing the individual to suffer severe injuries. *Id*. at 629-630. This Court determined that the deputy was acting "in the course of his employment" at the time of the accident and was thus entitled to governmental immunity. *Id*. at 634. This conclusion was based on the fact that the sheriff's department had requested that qualified deputies "provide airboat rides to the public that day as part of the public relations activities of the sheriff's department" (*Id*. at 634) and that the deputy was thus performing work assigned by his employer or subject to his employer's control. The *Niederhouse* Court also took into consideration that had the deputy not been an employee of the sheriff's department, he would not have been driving the airboat at the time of the accident, and that he undertook driving the airboat to further his employer's purpose. *Id*.

Defendant similarly argues that although off duty at the time the injury at issue occurred, he must maintain his relationship with the service dog even when off duty. Defendant contends that the dog's presence with him at his vacation cottage was in furtherance of his employer's purpose of maintaining a close relationship between a dog handler and a service dog, and allowing the dog handler to be called in at any time to assist the law enforcement purposes of the sheriff's office. In support of his motion, defendant provided the affidavit of Macomb County Undersheriff Kent Lagerquist, who attested that Szlaga was and is a Macomb County deputy sheriff who was and is an assigned dog handler for "Zeke," the dog that bit plaintiff. Lagerquist further attested that canine handlers are responsible for their dog's health and well-being while

on and off duty, that keeping a police service dog with its assigned handler while on and off duty serves the best interests of Macomb County, and that it was not a violation of department procedures or protocols for Szlaga to have Zeke with him while off duty in Clare County because it maintained the relationship between the handler and the dog.

Plaintiff, on the other hand, points out that at the time of her injury defendant and the dog were not only off duty, but were two and one half hours outside of their jurisdiction. Moreover, neither had any work obligations at that time for the sheriff's office and there is no indication that the sheriff's office *requested* that defendant bring the dog to his vacation cottage or that either defendant or the dog were assisting the sheriff's department at the time of the incident. Rather, defendant and the dog were at the cottage voluntarily, on a purely personal and social activity.

There is merit to both arguments. And, I would note that while Lagerquist swore in his affidavit that keeping a police service dog with its assigned handler while on and off duty serves "the best interests" of Macomb County, in considering whether Szlaga was acting in the "course of employment," when Zeke bit plaintiff requires a consideration of whether the act in question "was undertaken in furtherance of the employer's purpose." *Niederhouse*, 300 Mich App at 633. To serve the best interests of Macomb County does not necessarily mean to be undertaken in furtherance of its purpose. "Furtherance" means "the act of furthering, advancing, or helping forward." *The American Heritage Dictionary (4th ed.).* "Interest", on the other hand, means "regard for one's own benefit; self-interest" or "to the advantage of, for the sake of." *Id.* A subtle difference perhaps, but also potentially a significant one. While Szlaga's keeping Zeke while off duty (and, specifically, while on vacation) could very well have been for the benefit of, to the advantage of, or for the sake of Macomb County, this act does not *necessarily* advance the purpose of Macomb County. It could be argued, for example, that keeping a dog with its handler even while off duty could serve the "best interests" (i.e. be for the benefit or advantage of) of Macomb County by saving it money it would otherwise have to expend by kenneling the dog. But this does not also, however, automatically, equate with advancing *the purpose* of Macomb County.

Lagerquist also swore that Szlaga was responsible for Zeke's well-being and maintenance while on and off duty and that it was not a violation of department procedures or protocols for Szlaga to have Zeke with him while off duty. The parameters of what constituted being responsible for Zeke's well-being were not specifically defined. And, contrary to the majority's statement, nowhere has it been stated or established that Szlaga was *required* to take Zeke to his vacation cottage or to otherwise keep him with him 24 hours a day seven days a week. This is an assumption only based on the statement in Lagerquist's affidavit that Szlaga is responsible for Zeke's well-being and maintenance while both on and off duty. Based on this assumption, we must also assume, with no concrete statement by Lagerquist or Szlaga, that Szlaga must take Zeke with him even if he is on pleasure trips in other states or foreign countries. Assumptions do not provide a basis for summary disposition. Furthermore, Szlaga did not provide an affidavit. It is thus unknown whether Szlaga did, in fact, keep Zeke with him at all times, unconditionally.

I can conceive of a finding where Szlaga was, at times when keeping Zeke with him off duty "acting in the course of his employment" with Macomb County and at other times not doing so. At this early juncture, where little to no discovery has taken place, whether defendant was

acting within the course of his employment when the dog bite occurred is a question of fact. Only if no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, is the question of whether the claim is barred by governmental immunity an issue of law. *Pierce v Lansing*, 265 Mich App 174, 177; 694 NW2d 65 (2005). Keeping in mind that *defendant* has the burden of proof in establishing that he is entitled to governmental immunity *as a matter of law*, *Oliver*, 290 Mich App at 684-85, I believe that reasonable minds could differ as to whether the dog's presence at defendant's vacation cottage, while both were off-duty, could be considered an action within the course of defendant's employment. I would thus not reach the issues of whether defendant's conduct fell within MCL 691.1407(2)(a), (b), and (c)(see *Niederhouse*, 300 Mich App at 633), and find that the trial court properly denied summary disposition premised upon MCR 2.116(C)(7).

The fact that the trial court granted Macomb County's motion for summary disposition based on governmental immunity and, in doing so, stated that "Deputy Szlaga's possession and maintenance of Zeke, even on vacation, is related to the discharge of a government function" compels no different result. A governmental agency is immune from tort liability while engaging in a governmental function unless one of the five specific, narrowly drawn exceptions applies.[1] *Stanton v City of Battle Creek*, 466 Mich 611, 615; 647 NW2d 508 (2002). "Governmental function" is broadly defined as "an activity which is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." *Harris v Univ of Michigan Bd of Regents*, 219 Mich App 679, 684; 558 NW2d 225 (1996); MCL 691.1401(b). When determining if an act is a "governmental function," we look to the general activity involved rather than the specific conduct engaged in when the alleged injury occurred. *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 327; 869 NW2d 635 (2015)(citation and quotation marks omitted).

As set forth in MCL 691.1407 and explained above, an employee of a governmental agency (such as defendant), on the other hand, is immune from tort liability for an injury to a person caused by the employee "while in the course of employment . . .while acting on behalf of a governmental agency" if three conditions are met: the employee is acting or reasonably believes he is acting within the scope of his or her authority; the governmental agency is engaged in the exercise or discharge of a governmental function; the employee's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. MCL 691.1407(2)(a), (b), and (c). The three conditions come into play, however, only after a determination that the employee was acting within the "course of employment." *Niederhouse*, 300 Mich App at 633. Thus, the trial court's statement that "Szlaga's possession and maintenance of Zeke, even on vacation, is related to the discharge of a government function," condition (b) is not relevant unless and until it is first decided that Szlaga was acting within the "course of employment"

---

[1] The five statutory exceptions are: the "highway exception," MCL 691.1402; the "motor vehicle exception," MCL 691.1405; the "public building exception," MCL 691.1406; the "governmental hospital exception," MCL 691.1407(4); and the "proprietary function exception," MCL 691.1413. *Stanton v City of Battle Creek*, 466 Mich 611, 615 n 6; 647 NW2d 508 (2002).

when the injury occurred. Moreover, the "course of employment" determination requires consideration of the "act in question" (*Niederhouse*, 300 Mich App at 633) in contrast to the "discharge of government function" consideration of "the general activity involved rather than the specific conduct engaged in when the alleged injury occurred." *Genesee Co Drain Comm'r*, 309 Mich App at 327.

I would also decline to grant Szlaga relief based on his assertion that he was entitled to summary disposition with respect to plaintiff's claims of general negligence and common law strict liability for summary disposition pursuant to MCR 2.116(C)(8). A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings. *Corley v Detroit Bd of Ed*, 470 Mich 274, 277; 681 NW2d 342 (2004). When deciding a motion under (C)(8), this Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. *Dalley v Dykema Gossett*, 287 Mich App 296, 304-05; 788 NW2d 679 (2010). Summary disposition on the basis of subrule (C)(8) should be granted only when the claim "is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Kuhn v Secretary of State*, 228 Mich App 319, 324; 579 NW2d 101 (1998).

Governmental immunity is a characteristic of government. *Mack v City of Detroit*, 467 Mich 186, 198; 649 NW2d 47 (2002). As such, plaintiff must plead his or her case in avoidance of immunity. *Id*. A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred outside the exercise of a governmental function. *Kendricks v Rehfield*, 270 Mich App 679, 681; 716 NW2d 623 (2006).

Under Michigan's notice-pleading standard, the primary function of a pleading is to "give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 317; 503 NW2d 758 (1993). Thus, in order to plead in avoidance of governmental immunity, plaintiff was required only to plead facts sufficient to put Szlaga on notice that she suffered an injury due to his tortious acts and that such acts occurred while Szlaga was not acting in the course of his employment while acting on behalf of a governmental agency. See, e.g., *Yono v Dept of Transp (On Remand)*, 306 Mich App 671, 683; 858 NW2d 128, 136 (2014) *app gtd sub nom. Yono v Dept of Transp*, 497 Mich 1040; 864 NW2d 142 (2015).

In the general negligence section of her complaint, plaintiff alleged that Szlaga owed a duty to prevent the dog from attacking and biting, and failed to exercise reasonable care in protecting against the hazards and dangers of the dog when he knew or should have known of the dog's dangerous propensities. Plaintiff alleged that as a direct and proximate result of Szlaga's negligence, she suffered injuries. In her common law strict liability claim, plaintiff alleged that Szlaga kept and possessed the dog, knew of its dangerous propensities and yet exposed others to the dog. In the common allegations section of her complaint, plaintiff alleged that on the day the injury occurred, Szlaga was the owner and/or keeper of the dog that bit her. Plaintiff further alleged that on the day of the dog bite, Szlaga "was not on duty, but was on vacation, out of his jurisdiction and was not acting in the course and scope of his employment with Defendant Macomb County." Plaintiff additionally alleged that Szlaga was not engaged in a government function at the time of her injury. In her complaint, plaintiff clearly, in the above allegations,

pleaded facts that indicate that the alleged tort occurred outside the exercise of a governmental function. *Kendricks*, 270 Mich App at 681. I would therefore find that the trial court therefore properly denied summary disposition under MCR 2.116(C)(8).

Finally, I would find that Szlaga was not entitled to summary disposition in his favor with respect to plaintiff's statutory dog bite claim pursuant to MC R 2.116(C)(10). When reviewing a motion brought under subrule (C)(10), this Court must examine the documentary evidence presented to the trial court and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists to warrant a trial. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). A trial court may grant summary disposition under MCR 2.116(C)(10) if there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law. *Hazle v Ford Motor Co*, 464 Mich 456, 461; 628 NW2d 515 (2001).

Michigan's dog bite statute, MCL 287.351 provides, in relevant part:

(1) If a dog bites a person, without provocation while the person is on public property, or lawfully on private property, including the property of the owner of the dog, the owner of the dog shall be liable for any damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness.

Statutory liability for dog bites attaches only to owners. *Feister v Bosack*, 198 Mich App 19, 22; 497 NW2d 522 (1993). "Owner" is not defined in the dog bite statute. "Own" is defined in *Merriam-Webster's Collegiate Dictionary (11th ed.)* as, "to have or hold as property" and "to have power or mastery over."[2] Thus, an "owner" would be one who has or holds as property or one who has power or mastery over something. With respect to animals, our Supreme Court has held that "the temporary caretaker of a domestic animal is not the animal's owner or keeper, as a matter of law." *Trager v Thor*, 445 Mich 95, 107; 516 NW2d 69 (1994).

In the matter at hand, Macomb County Undersheriff Kent Lagerquist attested in an affidavit that Macomb County owns the dog that bit plaintiff and that Szlaga does not own the dog. However, it is not clear what, if any, specific definition of "owner" Lagerquist employed when executing his affidavit. Taking into consideration that the definition of "owner" includes one who has power or mastery over something and that the dog was arguably under Szlaga's power or mastery when the dog bite occurred, questions of fact remain as to whether Szlaga was an owner of the dog.

I would also find that a question of fact on this issue exists given the uncertainty as to whether Szlaga was required and did keep Zeke with him 24 hours per day, seven days a week.

---

[2] Courts consult a lay dictionary when defining common words or phrases that lack a unique legal meaning. *People v Thompson*, 477 Mich 146, 151-52; 730 NW2d 708 (2007).

From the evidence presented, Szlaga was acquainted with Zeke for six years. If he also kept Zeke with him for that continuous period of time and was the sole individual who fed, maintained and cared for Zeke's well-being, it would appear somewhat inconsistent with the majority's finding that Szlaga was entitled to immunity for Zeke's actions, to also find that he did not own Zeke. Moreover, relying exclusively on Lagerquist's affidavit that Macomb County owned the dog in order to conclude that it was indeed the owner would be to exalt form over substance. Again, if it is found that Zeke has remained in Szlaga's sole and exclusive possession and under his sole and exclusive care for a period of years, Lagerquist's affidavit concerning ownership may simply be giving lip service to the word "own."

Finally, summary disposition is generally premature if discovery on a disputed issue is incomplete unless further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position. *Oliver*, 269 Mich App at 567. Further discovery could readily shed light on or resolve the issue of ownership of the dog. I would thus find that the trial court appropriately denied summary disposition under MCR 2.116(C)(10).

I would affirm the trial court.


/s/ Deborah A. Servitto

-7-