*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

IS, a legally incapacitated person, by Guardian
DENNICE OWENS,

FOR PUBLICATION
December 16, 2024
4:03 PM

Plaintiff-Appellant,

v

No. 368021
Wayne Circuit Court
LC No. 21-013172-NO

CRESTWOOD SCHOOL DISTRICT and TIFFANY
OWENS,

Defendants,

and

RYAN ABOULHOSN,

Defendant-Appellee.

Before: YOUNG, P.J., and M. J. KELLY and FEENEY, JJ.

M. J. KELLY, J.

Plaintiff, Dennice Owens, as guardian for IS, a legally incapacitated person, appeals as of right from the order granting defendant Ryan Aboulhosn summary disposition. For the reasons stated in this opinion, we affirm in part, reverse in part, and remand for further proceedings.

## I. BASIC FACTS

This case arises from allegations that, on multiple days in October 2019, Aboulhosn sexually assaulted IS. At the time, Aboulhosn was employed as a social worker with the Crestwood School District, and IS was a student attending the Crestwood High School. Aboulhosn was IS's social worker at the school. He worked with Tiffany Owens, a special education teacher, to develop an individual education plan (IEP) for IS because IS had been diagnosed with a lower intelligence quotient (IQ), epilepsy, and attention deficient hyperactively disorder. Under the IEP, IS attended two special education classes. Both classes were taught by Owens, with one of the classes occurring during the first hour of classes and the other occurring during the third hour of

classes. According to the allegations in the complaint, on four separate occasions in October 2019, Aboulhosn followed IS from Owens' classroom to a bathroom near the school library and sexually assaulted him while he was using the urinal.

The allegations were reported to the police, who conducted an investigation. As part of the investigation, the police conducted interviews of Aboulhosn, IS, and Owens, reviewed a sign-out sheet for Owens' classroom, watched surveillance video of the bathroom where the assaults were alleged to have occurred, and examined IS's school attendance records. Notably, at that time, IS reported that the assaults had occurred during the third hour. As a result, the police only watched the surveillance video for that timeframe. Based upon the investigation, the detective assigned to the case determined that IS and Aboulhosn were never in the bathroom at the same time. No criminal charges were filed.

In October 2022, plaintiff filed this action, bringing claims for negligence, gross negligence, assault and battery, negligent infliction of emotional distress, and intentional infliction of emotional distress. Plaintiff also alleged that Aboulhosn violated the Civil Rights Act (CRA), MCL 37.2101 *et seq.* and the Child Protection Law (CPL), MCL 722.621 *et seq.* Following discovery, Aboulhosn moved for summary disposition, arguing that there were no genuine issues of material fact for trial because IS's version of events was contradicted by the record. He also contended that the claim for violation of the CPL should be dismissed because the CPL did not create a duty for an abuser to self-report that he or she was abusing a child. In response, plaintiff contended that IS's testimony that IS had been sexually abused by Aboulhosn was sufficient to create a genuine issue of material fact. Plaintiff further asserted that the plain language of the CPL permits a claim against an abuser for failing to self-report child abuse. Following a hearing on the motion, the trial court granted summary disposition as to all claims against Aboulhosn.[1] Plaintiff moved for reconsideration, but the court denied the motion. This appeal follows.

## II. SUMMARY DISPOSITION—FAILURE TO STATE A CLAIM

### A. STANDARD OF REVIEW

Plaintiff contends that the claims for violation of the CPL and for gross negligence were improperly dismissed because they were properly pleaded. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id.* "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id.* (quotation marks and citation omitted).

---

[1] Plaintiff also filed claims against Owens and the Crestwood School District. Those claims were dismissed, and are not at issue in this appeal.

B.  ANALYSIS

1.  VIOLATION OF THE CPL

"The CPL imposes a duty on certain listed professionals to report suspected child abuse or neglect." *Jones v Bitner*, 300 Mich App 65, 72; 832 NW2d 426 (2013).  MCL 722.623(1)(a), in relevant part, states:

> A . . . social worker . . . who has reasonable cause to suspect child abuse or child neglect shall make an immediate report to centralized intake by telephone, or, if available, through the online reporting system, of the suspected child abuse or child neglect.

"A person who is required by this act to report an instance of suspected child abuse or neglect and who fails to do so is civilly liable for the damages proximately caused by the failure."  MCL 722.633(1).

Plaintiff alleged that Aboulhosn, a social worker, violated MCL 722.623(1)(a) because he failed to report his abuse of IS despite being "a mandatory reporter" who had direct knowledge that IS was being sexually abused.  Whether the CPL requires a mandatory reporter who abuses a child to report that abuse is an issue of first impression in Michigan.  Yet, it is immediately apparent that such a requirement would violate the Fifth Amendment to the United States Constitution and the Michigan Constitution, Const 1963, art 1, § 17, both of which include the guarantee that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ."

In *In re Blakeman*, 326 Mich App 318, 332; 926 NW2d 326 (2018), this Court explained:

> The constitutional protection is worded as one applicable to criminal cases, and thus it applies in any situation in which a criminal prosecution might follow, regardless of how likely or unlikely that outcome may seem.  See *United States v Miranti*, 253 F2d 135, 139 (CA 2, 1958) ("We find no justification for limiting the historic protections of the Fifth Amendment by creating an exception to the general rule which would nullify the privilege whenever it appears that the government would not undertake to prosecute.").  Accordingly, "[t]he privilege can be claimed in any proceeding, be it criminal or civil, administrative or judicial, investigatory or adjudicatory." *People v Ferency*, 133 Mich App 526, 533; 351 NW2d 225 (1984), quoting *In re Gault*, 387 US 1, 47; 87 S Ct 1428; 18 L Ed 2d 527 (1967) (quotation marks and citation omitted).  Any testimony "having even a possible tendency to incriminate is protected against compelled disclosure." *People v Lawton*, 196 Mich App 341, 346; 492 NW2d 810 (1992).  The privilege may be invoked when criminal proceedings have not been instituted or even planned. *People v Guy*, 121 Mich App. 592, 609-610, 329 NW2d 435 (1982).

Requiring a mandatory reporter who abuses a child to report that abuse would clearly incriminate the mandatory reporter and subject him or her to criminal prosecution.  As a result, requiring such a disclosure falls foul of the constitutional privilege against self-incrimination.  Thus, to the extent that MCL 722.623(1)(a) compels such a disclosure, it is unconstitutional.

Our conclusion is supported by the California Court of Appeals' decision in *Kassey S v City of Turlock*, 212 Cal App 4th 1276; 151 Cal Rptr 3d 714 (2013).[2] In that case, the court addressed whether California's version of the CPL imposed a duty on a mandatory reporter who abused a child to report that abuse. *Id*. at 1280. The court in *Kassey* concluded that it did not, reasoning that such an imposition "would require the mandated reporter to forfeit his or her Fifth Amendment privilege against self-incrimination." *Id*. The court explained:

> The constitutional guarantee against compelled self-incrimination does more than protect an individual from being forced to testify against him or herself in a pending criminal proceeding; "[i]t also privileges a person not to answer official questions in any other proceeding, 'civil or criminal, formal or informal,' where he or she reasonably believes the answers might incriminate him or her in a criminal case." *Spielbauer v County of Santa Clara*, 45 Cal 4th 704, 714; 88 Cal Rptr 3d 590 (2009). Thus, the privilege protects a person both from being compelled to testify against him- or herself and from being required to provide the state with evidence of a testimonial or communicative nature. *Pennsylvania v Muniz*, 496 US 582, 589; 110 S Ct 2638; 110 L Ed 2d 528 (1990). The privilege will be applied where the person is confronted by substantial and real, as opposed to merely trifling or imaginary, hazards of incrimination. *Marchetti v United States*, 390 US 39, 53; 88 S Ct 697; 19 L Ed 2d 889 (1968).

> Requiring a mandated reporter to report his or her own acts of child abuse would amount to providing the state with evidence of that person's criminal acts, presenting a substantial and real hazard of criminal prosecution. For these reasons, [the plaintiff's] proffered interpretation [of the child protective statute], conflicts with the privilege against self incrimination. We will not interpret a statute in a manner that makes it unconstitutional. *Wainwright v Superior Court*, 84 Cal App 4th 262, 267; 100 Cal Rptr 2d 749 (2000). Therefore, [under the child protective statute], [the defendant] was not required to report his own sexual assaults. [*Kassey S*, 212 Call App 4th at 1280-1281.]

We find the reasoning in *Kassey* to be persuasive and adopt it as our own.

In sum, to the extent that plain language of MCL 722.623(1)(a) requires a mandatory reporter who abuses a child to self-report his or her own abuse, we conclude that MCL 722.623(1)(a) is unconstitutional. As a result, plaintiff cannot maintain a claim for relief against

---

[2] "Although this Court is not bound by decisions of federal courts or courts of other states, we may consider them persuasive." *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 496 n 2; 892 NW2d 467 (2016).

Aboulhosn based upon MCL 722.623(1)(a). The trial court's dismissal of plaintiff's claim that Aboulhosn violated the CPL, therefore, was proper.[3]

## 2. GROSS NEGLIGENCE

Plaintiff next argues that the claim for gross negligence was properly pleaded so summary disposition was not appropriate. We disagree.

"An employee of a governmental agency acting within the scope of his or her authority is immune from tort liability unless the employee's conduct amounts to gross negligence that is the proximate cause of the injury." *Kendricks v Rehfield*, 270 Mich App 679, 682; 716 NW2d 623 (2006). Gross negligence is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). "Summary disposition of a plaintiff's gross negligence claim is proper under MCR 2.116(C)(8) if the plaintiff fails to establish a duty in tort." *Beaudrie v Henderson*, 465 Mich 124, 130; 631 NW2d 308 (2001). "Moreover, this Court has rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence." *Latits v Phillips*, 298 Mich App 109, 120; 826 NW2d 190 (2012).

Here, the gravamen of plaintiff's claim against Aboulhosn is that he intentionally followed IS into a bathroom on four occasions and sexually assaulted him. Claims of assault and battery require proof of intent to injure. See *Lakin v Rund*, 318 Mich App 127, 131; 896 NW2d 76 (2016). The same conduct forms the basis for plaintiff's gross negligence claim. Like the Court in *Latits*, we conclude that no amount of artful pleading can transform the claim for intentional misconduct by Aboulhosn into a claim for gross negligence. Accordingly, the trial court did not err by summarily dismissing the gross negligence claim against Aboulhosn.

## III. SUMMARY DISPOSITION—GENUINE QUESTION OF MATERIAL FACT

### A. STANDARD OF REVIEW

Summary disposition under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden*, 461 Mich at 120. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Kahlil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. When considering a motion under MCR 2.116(C)(10), the trial court may not "assess credibility, weigh the evidence,

---

[3] Although the trial court granted summary disposition of plaintiff's CPL claim for different reasons, "[a] trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." See *Gleason v Mich Dep't of Trans*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

or resolve factual disputes . . . ." *Pioneer State Mut Ins for Publ'n Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013).

## B. ANALYSIS

IS testified that he was sexually assaulted by Aboulhosn in a school bathroom by the library during the *first* hour of classes. In response, Aboulhosn points to testimony from a police officer that surveillance video from the *third* hour of classes shows that Aboulhosn and IS were never in that bathroom together. That does nothing, however, to contradict IS's testimony alleging that the abuse occurred in the first hour. Next, Aboulhosn relies on differences among IS's various statements regarding the alleged abuse, including discrepancies regarding when the assaults occurred and the nature of each assault. However, a determination regarding which version to believe turns upon IS's credibility, which the court may not assess when considering a summary disposition motion. Aboulhosn also notes IS's testimony that he *always* signed out of his classroom when going to the bathroom. He also stated that the assaults occurred on consecutive days. The sign-out sheets for his classroom do not corroborate his testimony. Yet, given that Owens testified that the sign-out sheet was not reliable, the lack of corroboration between IS's testimony and the sheet is not dispositive. Rather, it is indicative of a genuine fact question.

In sum, although Aboulhosn directs this Court to documentary evidence and testimony that very strongly suggests IS's allegations of abuse lack credibility, it is the duty of the trier of fact to evaluate his credibility and resolve the factual disputes between IS's testimony and the evidence presented by Aboulhosn. The court's decision to grant summary disposition because it found Aboulhosn's evidence to be more credible was improper. Accordingly, reversal is required.[4]

We affirm the dismissal of plaintiff's claims for violation of the CPL and gross negligence, but reverse the court's dismissal of plaintiff's remaining claims and remand for further proceedings. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Adrienne N. Young
/s/ Kathleen A. Feeney

---

[4] Plaintiff suggests that the trial court improperly relied upon the results of a polygraph test taken by Aboulhosn, but the record does not support that contention.