*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CB, Minor, by Next Friend BRIANNA COLLIER,

Plaintiff-Appellee,

v

LINCOLN PARK PUBLIC SCHOOLS,
KATHERINE STEPULLA, and NATIONAL
TRAILS, INC.,

Defendants-Appellants,

and

JOHN DOE and JANE DOE,

Defendants.

UNPUBLISHED
May 14, 2026
11:54 AM

No. 374376
Wayne Circuit Court
LC No. 24-012945-NO

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Plaintiff sued defendants—the people and entities responsible for plaintiff's schooling and busing—for various claims involving negligence after he suffered a finger injury during the school day. The school and its principal moved for summary disposition, arguing that plaintiff's claims against them were barred by governmental immunity. The trial court granted summary disposition relating to the claims against the principal but denied the motion as it related to the school. The school now appeals, arguing that there is no exception for an entity's gross negligence to overcome governmental immunity. Because plaintiff has not pleaded or otherwise shown that an exception to governmental immunity applies, we reverse the trial court's decision with respect to the school.

## I. BACKGROUND

This case began when plaintiff arrived home from school and showed his mother his injured right pinky finger; the finger was ultimately amputated during surgery. Plaintiff sued the school (Lincoln Park Public Schools), the principal of the school (Katherine Stepulla), an unnamed teacher, an unnamed bus driver, and National Trails, Inc. for several counts that referenced

-1-

negligent supervision of a minor, gross negligence, respondeat superior, and vicarious liability, alleging that defendants failed to provide reasonable security and safety resulting in plaintiff's injury while he was at school or on the bus.

The school and the principal moved for summary disposition under MCR 2.116(C)(7) and (8). The school argued that it was engaged in the performance of a governmental function and therefore covered by governmental immunity for both negligence and gross negligence claims. For the principal, the motion argued that plaintiff's gross negligence claim against her failed because the complaint did not set forth any specific act by the principal that was the proximate cause of the injuries. In response, plaintiff argued that the issue was whether the school was negligent in hiring and retaining the principal, the teacher, and the bus driver, which required further discovery and was a justiciable question of fact for a jury. And in reply, defendants argued that plaintiff failed to set forth a claim against the school in avoidance of governmental immunity.

At the hearing on defendants' motion for summary disposition, plaintiff's counsel stated that it was his belief that plaintiff's finger "got stuck" while boarding the school bus while in the presence of the school's employees and the bus driver. Counsel argued that plaintiff "alleged gross negligence, there's an exception for gross negligence, and [counsel] believe[d] it warrant[ed] discovery to get to the bottom of it." Defendants argued that plaintiff had not pleaded any exception to governmental immunity with respect to the school district itself.

The trial court found that the principal was entitled to summary disposition because plaintiff did not allege anything other than "the principal is the principal." But for the school, the trial court denied the motion without prejudice. The trial court found that summary disposition was premature:

> So I'm granting as to the principal, denying as to the district without prejudice. I imagine this issue is going to come back together with a little more factual development as to what happened, where it happened. And [plaintiff], I mean just a preview, to the extent it that the focus is going to be on the bus, it happened somewhere there, well I don't know how you get past that with the school district, you know, any gross negligence.
>
> I mean, I don't know what you're going to develop as to the school, but I'm going to give you an opportunity to take some discovery as against Lincoln Park.

The school now appeals the trial court's denial of summary disposition as a final order under MCR 7.203(A)(1), specifically an order denying governmental immunity under MCR 2.116(C)(7).

## II. ANALYSIS

On appeal, the school argues that the trial court's denial of summary disposition should be reversed because plaintiff has not alleged any facts or legal arguments to overcome governmental immunity. We review de novo the trial court's decision on summary decision and governmental immunity. *Kendricks v Rehfield*, 270 Mich App 679, 681-682; 716 NW2d 623 (2006). For a motion under MCR 2.116(C)(7), the courts, while considering the pleadings and other documentary evidence submitted by the parties, "must accept all well-pleaded factual allegation

as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *St Juliana v State Police*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 370427) (cleaned up); slip op at 4. A motion for summary disposition should be denied "if a question of fact exists to the extent that factual development could provide a basis for recovery." *Dextrom v Wexford Co*, 287 Mich App 406, 429; 789 NW2d 211 (2010).

Under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, governmental agencies are immune from "*all* tort liability whenever they are engaged in the exercise or discharge of a governmental function." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 156; 615 NW2d 702 (2000). Absent a statutory exception, a government entity is immune from tort liability if the tort claim arises from the entity's exercise of a governmental function. *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 483; 722 NW2d 906 (2006). For governmental immunity to be applicable for the school as a governmental agency: (1) plaintiff's claims must be for tort liability; (2) the school had to be engaged in the exercise or discharge of a governmental function; and (3) no other exception applies to bar immunity. See MCL 691.1407(1) ("Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function.").

To overcome governmental immunity to bring a tort claim against a governmental entity, a plaintiff must either "demonstrate that the alleged tort occurred outside the exercise or discharge of a governmental function" or plead that the tort falls within one of the GTLA's express exceptions. *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 327; 869 NW2d 635 (2015). In other words, governmental agency immunity is the default rule, and to hold an agency liable, a plaintiff must show that the agency acted outside the scope of that agency's governmental function or that an express statutory exception applies.

Plaintiff does not dispute that the school is a governmental agency. Plaintiff also does not dispute that his claims against the school are for tort liability. All of the claims have the same elements necessary to establish a tort: duty, breach, causation, and injury. *In re Bradley Estate*, 494 Mich 367, 390; 835 NW2d 545 (2013). Therefore, the school is immune from plaintiff's tort claims unless plaintiff can show that the school was acting outside of its governmental functions or an express statutory exception applies. We consider each avenue of potential liability in turn.

A. GOVERNMENTAL FUNCTION

A governmental function is "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(b). The definition of governmental function is broadly applied and requires only some legal basis for the activity. *Genesee Co Drain Comm'r*, 309 Mich App at 327. To show that an agency acted outside the exercise or discharge of a governmental function is a "very high—and extremely difficult—burden for a plaintiff to surmount because . . . when courts assess whether a governmental defendant was engaged in the exercise or discharge of a governmental function, we look to the *general activity* involved rather than the *specific conduct* engaged in when the alleged injury occurred." *Id.* at 328 (cleaned up).

Generally speaking, the operation of a public school is a governmental function. *Deaaner v Utica Community School District*, 99 Mich App 103, 108; 297 NW2d 625 (1980). More specific

here, the hiring, training, and supervising of teachers and other school personnel are functions that constitute "the essence of government." *McIntosh v Becker*, 111 Mich App 692, 697; 314 NW2d 728 (1981). Examining the issue generally, the school was engaged in a governmental function.

## B. STATUTORY EXCEPTION

Because defendant school's conduct occurred during the exercise of a governmental function, plaintiff needed to plead his claims in avoidance of immunity, such as indicating an exception to governmental immunity. Plaintiff carries the burden of pleading in avoidance of immunity at the outset of the case. *Odom v Wayne Co*, 482 Mich 459, 478-479; 760 NW2d 217 (2008). "A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Mack v City of Detroit*, 467 Mich 186, 204; 649 NW2d 47 (2002).

Neither in his complaint nor his summary disposition brief or oral argument did plaintiff assert a specific statutory exception under the GTLA. Nor did plaintiff plead factual allegations in his complaint that would clearly fit within one of the GTLA's exception. Plaintiff repeatedly points to the alleged gross negligence of the individual defendants. There is no statutory exception to immunity under the GTLA for the gross negligence of a governmental agency. Compare MCL 691.1407(1) (providing broad immunity to governmental agencies unless a statutory exception applies) with MCL 691.1407(2) (denying immunity to governmental employees, officers, and individuals whose conduct was grossly negligent and proximately caused the injury).

On appeal, plaintiff attempts to rectify this omission by arguing for the first time that the GTLA's public-building exception applies. MCL 691.1406. This attempt fails for two reasons, either one of which is alone fatal. First, this issue is not preserved for appellate review. Throughout the proceedings below, plaintiff argued that his finger was injured when getting on the school bus; no mention was made about the building. "As an error-correcting court, this Court's review is generally limited to matters actually decided by the lower court," *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 210; 920 NW2d 148 (2018); the public-building exception was not reviewed, let alone decided, by the trial court, and so, the matter has been waived for appellate review, *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023).

Second, even if the issue had been preserved, nowhere in plaintiff's complaint does it suggest that somehow the building caused his injuries. Instead, the complaint focuses on the employees' actions, including hiring and supervising, which does not meet plaintiff's burden of pleading claims or factual allegations in avoidance of immunity through the public-building exception. See *Jackson v City of Detroit*, 449 Mich 420, 428; 537 NW2d 151 (1995) ("[T]he purpose of the public building exception is to promote the maintenance of safe public buildings, not necessarily safety in public buildings. Thus, where proper supervision would have 'offset any shortcomings in the configuration of the room,' the public building exception does not apply.").

Plaintiff also cites *to Lee v Detroit Med Ctr*, 285 Mich App 51, 68; 775 NW2d 326 (2009), for his contention that "an employer may be held vicariously liable for its employee's failure to report child abuse under MCL 722.623." And yet, the appropriate question here is not whether

any employer may be held vicariously liable for its employee's failure to report child abuse under MCL 722.623, but whether a governmental agency may be held liable. "The mandatory reporting statute must be read in conjunction with, and is therefore limited by, the governmental immunity statute." *Jones v Bitner*, 300 Mich App 65, 77; 832 NW2d 426 (2013). Although a private employer could be held liable for its employee's actions under MCL 722.623 in certain circumstances, plaintiff has not pointed to a statutory exception that would disallow governmental immunity in regard to mandatory reporting.

In sum, plaintiff has not pleaded or otherwise made a viable argument in avoidance of governmental immunity under the GTLA.

## III. CONCLUSION

Defendant school was engaged in a governmental function when plaintiff injured his finger. Under the GTLA, plaintiff had to plead an exception to the broad grant of governmental immunity in order to proceed on his tort claims against the school. As explained, plaintiff failed to do this, and it was error for the trial court to deny defendant school's motion for summary disposition under MCR 2.116(C)(7).

Reversed and remanded with instruction to the trial court to enter summary disposition under MCR 2.116(C)(7) in defendant school's favor. We do not retain jurisdiction.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

-5-